FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

DEC 10 2004

MARKUS B. ZIMMER, CLERK
BY DEPUTY CLERK

Erik Strindberg (Bar No. 4154)
Ralph E. Chamness (Bar No. 6511)
**STRINDBERG SCHOLNICK & CHAMNESS, LLC**
44 Exchange Place, 2nd Floor
Salt Lake City, UT 84111
Telephone: (801) 359-4169
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **DAVID ANDREW CALLAWAY**<br><br>Plaintiff,<br><br>vs.<br><br>**SKYWEST AIRLINES, INC.,**<br><br>Defendant. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH AND FOR SANCTIONS**<br><br>Case No. 2:04CV00179<br><br>Judge Ted Stewart |

Plaintiff David Andrew Callaway ("Mr. Callaway"), by and through his undersigned counsel, hereby submits the following Memorandum of Points and Authorities in support of his Motion to Quash and For Sanctions based upon the subpoena issued by Defendant SkyWest Airlines, Inc. ("SkyWest") to Polar Air. SkyWest issued the Subpoena in violation of Rule 45(b)(1)'s requirement that Mr. Callaway received "prior notice" of the issuance of the subpoena. Accordingly, the Court should quash the

18

subpoena, preclude Skywest from seeking information from Polar Air and sanction Skywest for its violation of Rule 45.

## ARGUMENT

Mr. Callaway is a pilot who began working for SkyWest in 1999. Mr. Callaway and other pilots contacted the Air Line Pilots Association ("ALPA") about the possibility of organizing a new union for the pilots at Skywest. Mr. Callaway was one of the Skywest pilots who was part of the ALPA organizing committee. As part of his union organizing activities, Mr. Callaway frequently posted information on a pilots' website. SkyWest management chastised Mr. Callaway for his activities and began to gather information which they believed they could use to discharge Mr. Callaway. Despite their failure to discover a legitimate basis to terminate Mr. Callaway, SkyWest terminated Mr. Callaway. This lawsuit seeks damages and other relief based upon Skywest's firing Mr. Callaway for engaging in Union organizing activities. Mr. Callaway has brought claims for Skywest's: (1) violation of the Railway Labor Act, 45 U.S.C. § 151, *et seq,* ("Act"); (2) violation of the Wire And Electronic Communication Interception and Interception of Oral Communications Act; (3) termination in violation of public policy; and, (4) breach of implied contract.

Mr. Callaway has unsuccessfully attempted to find a pilot's position since his termination by SkyWest. In the course of his search for a new position, Mr. Callaway

applied for a pilot's position with Polar Air. Mr. Callaway informed SkyWest of his application with Polar Air on October 25, 2004 when he responded to Interrogatory No. 4 of SkyWest's first set of written discovery. Mr. Callaway listed Polar Air among potential employers he had contacted and indicated that had interviewed with Polar Air.

SkyWest also asked Mr. Callaway about his application and interview with Polar Air during his deposition which took place over a two day period from December 8-9, 2004. At the end of Mr. Callaway's deposition, Mr. Callaway's counsel expressed concern to SkyWest's counsel that SkyWest might take steps to interfere with Mr. Callaway's attempt to find alternative employment by contacting the companies Mr. Callaway had identified in his deposition and in Interrogatory 4. Counsel's concern was based upon his understanding that the number of pilots applying for positions greatly exceeds the number of positions which are open. Given the competitive nature of these positions, the potential for Mr. Callaway to receive an offer is greatly lessened if a potential employer receives notice of pending litigation between Mr. Callaway and SkyWest.

After Mr. Callaway's counsel expressed his concern, SkyWest's counsel indicated that it was too late. SkyWest's corporate counsel informed Mr. Callaway's counsel that

SkyWest had already issued a subpoena to Polar Air. SkyWest's outside counsel, Scott M. Petersen, then indicated that the subpoena had already been served.[1]

Mr. Callaway's counsel immediately objected and informed SkyWest's collective counsel that their actions violated the Federal Rules of Civil Procedure because he had not received prior notice of the subpoena. SkyWest's counsel replied that their actions were appropriate, that there was no requirement that Mr. Callaway receive prior notice of the subpoena and that Mr. Callaway had no reason to object to the subpoena. Mr. Callaway's counsel subsequently received a fax from SkyWest's counsel at approximately 4:21 p.m. on Thursday, December 10, 2004. A copy of that fax is attached as Exhibit "A." Additionally, SkyWest's counsel left a voicemail for Mr. Callaway's counsel indicating that he would wait one day for Mr. Callaway's counsel to file a Motion to Quash, but that if the motion were not filed within that time frame, that he would direct service of the subpoena.[2] Mr. Callaway's counsel immediately attempted to contact SkyWest's counsel, but was unable to do so. Mr. Callaway's counsel left a voicemail

---

[1]The subpoena commanded that Polar Air produce, "Any and all documents you have in your control and/or possession regarding David Andrew Callaway, SSN [REDACTED], Airman Certificate number [REDACTED], including but not limited to any applications for employment, PRIA requests, letters of introduction or any other document."

[2]This was contrary to the statements SkyWest's corporate counsel earlier in the day that the subpoena had already been served.

indicating that he would file this motion and requested that SkyWest not serve the subpoena prior to the filing of the motion.

Exhibit “A” is apparently SkyWest’s belated attempt to comply with Rule 45(b)(1)’s requirements that a party provide “prior notice” to each party of a subpoena. Unfortunately, even the belated notice fails to conform with the Rule. The notice makes clear that the subpoena “will be, **or has been served**” (emphasis added). Further, a letter to Polar Air which was apparently sent with the subpoena requesting the documents is dated December 7, 2004. Both the letter and the subpoena predate the deficient notice’s date of December 9, 2004 and were clearly sent to Polar Air on or about December 7, 2004.

SkyWest further evidenced its disregard for Rule 45 by claiming that its facsimilie notice was sufficient to provide the notice mandated by Rule 45. Rule 45(b)(1) specifically notes that the prior notice “shall be served on each party in the manner prescribed by Rule 5(b).” Rule 5(b) specifically defines the manner of service which is allowed. Service by facsimile transmission is not included.

SkyWest compounded its disregard for the Rules by telling Mr. Callaway’s counsel that he would have to file the pending motion within one day after receiving the faxed Exhibit “A.” There simply is no basis for SkyWest to disregard the Rules and then threaten to further violate the Rules if a motion is not filed within an arbitrary time limit.

If SkyWest had any reason to doubt the meaning of Rule 45, the Tenth Circuit Court of Appeals has made clear that SkyWest's counsel's actions were improper. In *Butler v. Biocore Medical Technologies, Inc.*, 348 F.3d 1163 (10th Cir. 2003), the Tenth Circuit addressed a virtually identical fact pattern. *Butler* dealt with an appeal from a ruling that a party's counsel had violated various ethical rules and Rule 45. The Tenth Circuit reviewed the District Court's reasoning that "Rule 45(b)(1) requires notice to be given prior to service of a subpoena." In reaching this conclusion, the Tenth Circuit agreed with the district court's reasoning that merely notifying a party after service, but prior to the date of production would not satisfy the purpose of Rule 45(b)(1). The Tenth Circuit stated, "a contrary interpretation of Rule 45(b)(1), as noted by the district court, 'would allow a party to mail notice to opposing counsel one day prior to the date of compliance, effectively prohibiting counsel from responding.'" *Id.* at 1173 *quoting Biocore Med. Techs., Inc. v. Khosrowshahi*, 181 F.R.D. 660, 667 (D. Kan. 1998). The actions of SkyWest's counsel mirror those specifically seen as improper by the Tenth Circuit.

Given this blatant violation of Rule 45, the Court should sanction SkyWest's counsel, Scott M. Petersen, who signed the subpoena. As noted by the court in *Spencer v. Milton Steinman*, 179 F.R.D. 484 (Dist. Pa. 1998):

> The risks attached to the misuse of the subpoena are great. Under this delegation of public power, an attorney is licensed to access, through a non-

> party with no interest to object, the most personal and sensitive information about a party. By failing to receive prior notice of the information sought from the non-party, a party is deprived of its greatest safeguard under the Rule, i.e., the ability to object to the release of the information prior to its disclosure. . . .
> Moreover, the injury resulting from attorney misuse of the subpoena power is not limited to the harm it inflicts upon the parties. Rather, misuse of the subpoena power also compromises the integrity of the court process. Under Rule 45, an attorney, as an officer of the court, is delegated the power to command a non-litigant to produce documents to which he or she is a stranger. With the power to coerce production goes the "increased responsibility and liability for the misuse of the power." When the power is misused, public confidence in the integrity of the judicial process is eroded. Therefore, the failure to provide prior notice to Steinman of the subpoenas to non-parties also caused injury to the public.

*Id. at 489; citations omitted.*

In addition, the subpoena seeks documents which are not relevant to the issues raised in this case, nor is it reasonably calculated to lead to admissible evidence. This case involves SkyWest's wrongful termination of Mr. Callaway's employment. What records or information a prospective employer might have about Mr. Callaway is absolutely unimportant and irrelevant. Any argument that the records Polar Air has goes to the issue of mitigation of damages is also of no effect. Mr. Callaway has already provided at least one document (an email from Polar Air) showing that he applied for a position. This is more than sufficient evidence of mitigation.

At a minimum, the Court should sanction Mr. Petersen by requiring him to pay Mr. Callaway the fees he has incurred in preparing this motion. The Court should also require, if the subpoena has been served, that Mr. Petersen immediately contact Polar Air

and inform it that the subpoena was improperly issued and that Polar Air need not comply with the subpoena. The Court should Order all of SkyWest's attorneys of record that they are required to send Mr. Callaway's counsel copies of all subpoenas and related documents. Finally, the Court should Order SkyWest's counsel to comply with Rule 45 before issuing any further subpoenas in this litigation.

DATED this 10th day of December, 2004.

**STRINDBERG SCHOLNICK & CHAMNESS, LLC**

Erik Strindberg
Ralph E. Chamness
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing **Memorandum of Points and Authorities in Support of Motion to Quash and for Sanctions** was hand delivered and sent via facsimile transmission this 10th day of December, 2004 to:

Scott M. Petersen
David N. Kelley
FABIAN & CLENDENIN
215 South State Street, 12th Floor
Salt Lake City, Utah 84111
Facsimile: 596-2814

The undersigned further certifies that a copy of the foregoing **Memorandum of Points and Authorities in Support of Motion to Quash and for Sanctions** was sent via first class mail, postage prepaid, and sent via facsimilie transmission this 10th day of December, 2004 to:

Todd C. Emerson
SKYWEST AIRLINES,
444 South River Road
St. George, Utah 84790
Facsimile: (435) 634-3505

U:\current clients\Callaway_DA\Memo_Quash.wpd

# EXHIBIT "A"

F&C

**FABIAN & CLENDENIN**
**ATTORNEYS AT LAW**
215 SOUTH STATE, TWELFTH FLOOR
SALT LAKE CITY, UT 84111-2326
TELEPHONE: (801) 531-8900
P.O. BOX 510210
SALT LAKE CITY, UT 84151-0210

**SCOTT M. PETERSON**
DIRECT DIAL: (801) 323-2233
FACSIMILE: (801) 596-2814
spetersen@fabianlaw.com

# FAX COVER SHEET

**TO:** ERIK STRINDBERG
FAX NO.: 359-4313
CLIENT NO.:
FROM: Scott M. Petersen, Esq.
DATE AND TIME: 12/9/2004 4:06 PM
PAGES: 5

**COMMENTS:**

---

If you did not receive all of the pages of this document, or if you had problems receiving, please call Susanne at 801-323-2262.

THE INFORMATION CONTAINED IN THIS FAX MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (801) 531-8900 and return the original message to us by mail. Thank you.

Todd C. Emerson A8175)
SKYWEST AIRLINES, INC.
444 South River Road
St. George, UT 84790
Telephone: (435) 634-3530
Facsimile: (435) 634-3505

Scott M. Petersen, A7599
David N. Kelley, A9137
FABIAN & CLENDENIN,
A Professional Corporation
215 South State Street, 12th Floor
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900
Facsimile: (801) 596-2814

Attorney for Defendant SkyWest Airlines, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **DAVID ANDREW CALLAWAY,**<br>Plaintiff,<br>v.<br>**SKYWEST AIRLINES, INC.**<br>Defendant. | **NOTICE OF SUBPOENA REQUIRING PRODUCTION OF DOCUMENTS**<br><br>Case No.: No. 2:04CV00179<br>(Judge Ted Stewart) |

Pursuant to Rule 45(b)(1) of the Federal Rules of Civil Procedure, notice is hereby given that the attached Subpoena in a Civil Case will be, or has been, served requiring the production of documents as set forth in the Subpoena, on the date, time and place specified therein.

DATED this 9th day of December, 2004.

Scott M. Petersen
David N. Kelley
FABIAN & CLENDENIN,
A Professional Corporation

Todd C. Emerson
SkyWest Airlines, Inc.

Attorneys for SkyWest

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **NOTICE OF SUBPOENA REQUIRING PRODUCTION OF DOCUMENTS** to be mailed, postage prepaid, and sent via facsimile this 9th day of December, 2004, to the following:

Erik Strindberg, Esq.
Lauren I. Scholnick, Esq.
Strindberg & Scholnick, LLC
44 Exchange Place, 2nd Floor
Salt Lake City, UT 84111
**Fax: 359-4313**

Holly Freeman

Fabian & Clendenin
A Professional Corporation
F&C

**Attorneys at Law**
215 South State, Twelfth Floor
Salt Lake City, UT 84111
*Telephone:* (801) 531-8900

P.O. Box 510210
Salt Lake City, UT 84151-0210

**HOLLEY FREEMAN**
*Legal Assistant*
Direct Dial: (801) 323-2241
Facsimile: (801) 531-1716
hfreeman@fabianlaw.com

December 7, 2004

Polar Air
Attn: Custodian of Records
2000 Westchester Avenue
Purchase, NY 10577

Dear Custodian:

Accompanying this letter is a Subpoena Duces Tecum which demands the production of documents within your custody, possession or control. You may comply with the Subpoena by mailing a copy of the documents to our office at PO Box 510210, Salt Lake City, UT 84151-0210 so that they arrive before the scheduled date, which is December 20, 2004. You will be released from the subpoena when we receive that copy. If you choose this method, please include an invoice and we will reimburse the costs of copying as well as mailing those documents. Alternatively, you may produce the documents for copying at the office of PIP Printing, located at 190 East Post Road, White Plains, New York, 10601, on December 20, 2004 at 9:30 a.m. and they will reproduce them and mail them to us. Thank you for your assistance, and please call if you have any questions.

Sincerely,

Holley Freeman

Holley Freeman
Legal Assistant to Scott M. Petersen

Enclosure

328398_1.DOC

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

UNITED STATES DISTRICT COURT

U.S. DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

DAVID ANDREW CALLAWAY,

V.

SKYWEST AIRLINES, INC.

# SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 2:04CV 00179
(Case pending in Federal District Court, District of Utah)

TO: POLAR AIR
2000 WESTCHESTER AVENUE
PURCHASE, NY 10577

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents you have in your control and/or possession regarding David Andrew Callaway, SSN 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, Airman Certificate Number 127522247, including but not limited to any applications for employment, PRIA requests, letters of introduction or any other document.

| PLACE | DATE AND TIME |
|---|---|
| PIP Printing, 190 East Post Road, White Plains, NY, 10601 | 9:30 a.m., December 20, 2004 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT | DATE |
|---|---|
| [signature] Attorneys for Defendant | 12/3/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Scott M. Petersen, Fabian & Clendenin, 215 South State Street, 12th Floor, Salt Lake City, Utah 84111 (801) 531-8900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

327354_1.DOC

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.