FILED
CLERK, U.S. DISTRICT COURT

2005 JAN 11 A 11:45

DISTRICT OF UTAH

BY: ____________
DEPUTY CLERK

Erik Strindberg (Bar No. 4154)
Ralph E. Chamness (Bar No. 6511)
**STRINDBERG SCHOLNICK & CHAMNESS, LLC**
44 Exchange Place, 2nd Floor
Salt Lake City, UT 84111
Telephone: (801) 359-4169
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **DAVID ANDREW CALLAWAY**<br><br>Plaintiff,<br><br>vs.<br><br>**SKYWEST AIRLINES, INC.,**<br><br>Defendant. | **REPLY MEMORANDUM OF IN SUPPORT OF MOTION TO QUASH OR IN THE ALTERNATIVE MOTION FOR PROTECTIVE ORDER**<br><br>Case No. 2:04CV00179<br><br>Judge Ted Stewart<br>Magistrate Judge Alba |

Plaintiff David Andrew Callaway ("Mr. Callaway"), by and through his undersigned counsel, hereby submits the following Reply Memorandum in support of his Motion to Quash and For Sanctions based upon the subpoena issued by Defendant SkyWest Airlines, Inc. ("SkyWest") to Polar Air. For the reasons set forth below, the

24

Court should now consider Plaintiff's Motion to Quash as a Motion for Protective Order, and prohibit the service of the subpoena on Polar Air.[1]

## ARGUMENT

### A. The Issues Raised By Plaintiff's Motion Should Be Heard By This Court

Defendant first argues that this Court does not have jurisdiction to hear Plaintiff's Motion to Quash the Subpoena issued to Polar Air because the subpoena was issued by the Federal Court in New York. Defendant is correct that a motion to quash should be heard by the Court which issued the subpoena. See Rule 45(c)(3)(A). However, it seems arguable that the subpoena in this case was actually issued by a Federal Court in New York. The subpoena was not signed by a clerk in the New York Court. Instead, it was signed by Attorney Peterson here in Salt Lake City, and sent directly to the process server. Further, no proceeding or case was filed in a New York court prior to the issuance of the subpoena. Rather, the subpoena carries the case number of this case.

Additionally, the failure of the Defendant to give Plaintiff adequate notice of the issuance of the subpoena made it virtually impossible for Plaintiff to seek to quash the subpoena in a New York court. Doing so would have involved obtaining a New York

---

[1] Defendant has orally indicated that it intends on taking a 30(b)(6) deposition of Polar Air as well. For the reasons set forth herein, this should also be prohibited.

attorney, starting or initiating a Miscellaneous Action in a New York court and then filing a Motion to Quash. If the Defendant had given the Plaintiff the 14 day notice required under Rule 45, it might have been possible to do so. However, here, as admitted by Defendant in its Memorandum, Defendant's counsel called Plaintiff's counsel and stated that the subpoena would be served if a motion to quash or other pleading was not filed within 24 hours. This effectively precluded filing a motion to quash in a New York court.

Plaintiff concedes, however, that under the circumstances, the motion filed in this court should probably have been styled as a Motion for Protective Order which sought to prohibit discovery from Polar Air. A separate Motion to Quash could have been subsequently filed in a New York court as quickly as possible.[2] While conceding his mistake, Plaintiff assets it is still appropriate for this Court to determine if discovery from Polar Air should be allowed in the first place. A New York court would have no background or understanding of the issues raised in this litigation and, therefore, would not be able to properly balance whether the discovery should be allowed. Indeed, it is not uncommon or improper for an issuing court to refer a Motion to Quash back to the court in which the litigation is pending for such a determination. See Petersen v. Douglas County Bank, 940

---

[2] Because the motion filed by the Plaintiff was improperly titled, Plaintiff drops his request for sanctions (although Plaintiff believes that Defendant's blatant violation of Rule 45 warrants them). It would seem however that the issue of sanctions should be addressed by a New York court (or by this court if the Motion to Quash were to be transferred to this court).

F.2d 1389 (10th Circuit 1991); Socialist Workers Party v. Attorney General of the United States, 73 F.R.D. 699 (D. Md. 1977).

For these reasons, Plaintiff urges this Court to hear the issue of whether discovery to Polar Air should be allowed by treating the Motion as one for a Protective Order.[3] This issue will ultimately be addressed by this Court, as Plaintiff intends to re-file his Motion. However, the Court should resolve that issue now as the matter has been briefed by the parties. Why the subpoenaed information was irrelevant and would harm Plaintiff was addressed in Plaintiff's initial Memorandum. The same issue was also addressed in Defendants' Memorandum at pages 10-11. There is therefore no reason why the issue cannot be heard and resolved at this time.

**B. Plaintiff has Standing to Challenge the Subpoena to Polar Air.**

Defendant next argues that Plaintiff does not have standing to challenge the subpoena because it is issued (or would be) to a third party (Polar Air) and only that third party can challenge the subpoena. Defendant's argument states what is the "general rule" but ignores the exceptions. In this case the exception is that a party can challenge a third party subpoena when: 1) the subpoena seeks information which is privileged or affects the party's privacy

---

[3] In the alternative, the Court should allow the Plaintiff time to re-file his motion captioned as a Motion for Protective Order and direct that nothing be served on Polar Air until the motion is heard.

interests or, 2) if the party has a personal right to, or interest in, the information. See Windsor v. Martindale, 175 F.R.D. 665 (D. Colo. 1997); Smith v. Midland Brake, Inc., 162 F.R.D. 683 (D. Kan. 1995).

When a subpoena seeks information from a current employer (or in this case potential employer), an employee/party's personal interests are implicated and that person does have standing to challenge the subpoena. For example, in Graham v. Casey's General Store, 206 F.R.D. 251 (S.D. Ind. 2002), the court allowed the employee-plaintiff to challenge the Defendant's subpoena for then current personnel and employment records and granted the motion for protective order, in part. Similarly, in Terwilliger v. York International Corporation, 176 F.R.D. 214 (D. Va. 1997), the court held that the plaintiff could seek to limit discovery directed to his then employer, particularly where information about salary could be obtained from other sources. The rationale underlying both cases seems to be that discovery directed towards a current employer may injure or destroy an ongoing employment relationship. Therefore, not only does a employee/plaintiff have standing to challenge the discovery, but the courts will generally restrict such discovery unless absolutely necessary.

Here, Defendant seeks to direct discovery not to Plaintiff's current employer, but to a potential employer. Much the same personal interests and rights apply, however, even though no employment relationship yet exists between Plaintiff and Polar Air. Plaintiff is

rightfully concerned that in the highly competitive market for airline pilots, an airline that is served with a subpoena, which shows that an applicant is involved in litigation, is very likely to sour on that applicant and will cause it to hire someone else. The right, or ability, to find employment is at least as important as maintaining it. Accordingly, Plaintiff does have standing to challenge the subpoena.

**C. Plaintiff Could Not Confer Before Filing his Motion Because of Defendant's Actions**

Defendant also argues that Plaintiff's motion should not be considered, because he did not confer with Defendant as required under DU Rule 37-1. Plaintiff would have happily conferred if he had been given an opportunity to do so. However, Defendant did not give plaintiff 14 days' notice that the subpoena had been issued. Indeed, it did not appear that the subpoena would have been mentioned at all, if Plaintiff's counsel had not raised the issue of discovery directed towards Polar Air at Plaintiff's deposition. Even after checking the rules, Defendant still did not give Plaintiff anything close to the 14 days' notice required. Instead, Defendant called Plaintiff's counsel and announced that if a motion was not filed within 24 hours the subpoena would be served. Plaintiff's counsel then called Defendant and indicated that he would oppose the Subpoena and asked if Defendant's counsel would call back; but he did not. Because of the deadline unilaterally imposed by Defendant, Plaintiff had no

choice but to file the motion without further conversation. Because the Defendant placed Plaintiff in a situation where there was no time confer, it should not be allowed to avail itself of the Rule 37-1 to convince the Court to not hear the Motion.[4]

**D. The Information Sought by the Subpoena is of Dubious Value and is Potentially Injurious.**

Defendant next contends that the discovery directed towards Polar Air is relevant to the issue of damages and its affirmative defense of failure to mitigate damages. This argument is illusory. Plaintiff has already provided Defendant with information about his application to and interviews by Polar Air, and has provided Defendant with an email from Polar Air indicating that there was still no position for him. This information shows that Plaintiff has attempted to find work (and, therefore, has engaged in mitigation) and has, of now, still not found work (and, therefore, his damages are not diminished). Any additional information that Polar Air may have, is unnecessary and would not lead to the discovery of additional relevant information.

Further, it is likely that if a subpoena is actually served on Polar Air that Plaintiff's chance of being hired by Polar Air would be effectively quashed. The market for pilots is

---

[4] It should also be noted that Defendant has not contended that if such discussion had occurred that it would have been willing to withdraw the subpoena. In fact, in its Memorandum, Defendant continues to assert that the information it seeks is relevant and that it should be allowed to serve the subpoena.

very competitive as there are many pilots chasing an ever diminishing number of positions. A potential employee who is engaged in litigation with his last employer is, necessarily, someone that Polar Air would tend to pass over in favor of less "tarnished" employees. In short, the service of the subpoena would harm Plaintiff's chances of employment. This harm must be balanced against the relevancy and need for the information . See Moore's Federal Rules of Civil Procedure § 45.04[3][a]. Since there is no need for the information as it relates to damages, the subpoena should not be allowed.

Defendant also argues that the information from Polar Air is relevant because of another PRIA request it received , which it believes was invalid. This argument is hard to understand. This second PRIA request has nothing to do with Polar Air's PRIA request. Further, there is no pending claim against Defendant for failure to respond to Polar Air's PRIA request, which might make the discovery relevant. It also seems questionable that the information sought from Polar Air goes to Plaintiff's credibility, as Defendant also argues. What may or may not have occurred with another PRIA request is not relevant as to what happened vis-a-vis Polar Air. Further, Defendant already has documents which show that Plaintiff did in fact apply at Polar Air, as he testified at his deposition (and also identified in answers to written discovery). In short, it seems that Defendant is either on a fishing expedition hoping to find or uncover some "dirt" on Plaintiff or is trying to harm Plaintiff by

impeding his ability to find employment. Because there is no need for the information, discovery directed to Polar Air should not be allowed.

## CONCLUSION

Plaintiff's motion should be treated as a Motion for Protective Order and, for the reasons set forth above, discovery against Polar Air should not be allowed.

DATED this 10 day of January, 2005.

**STRINDBERG SCHOLNICK & CHAMNESS, LLC**

Erik Strindberg
Ralph E. Chamness
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing **Reply Memorandum of Points and Authorities in Support of Motion to Quash or in the Alternative for Protective Order** was hand delivered and sent via facsimile transmission this 11th day of January, 2005 to:

Scott M. Petersen
David N. Kelley
FABIAN & CLENDENIN
215 South State Street, 12th Floor
Salt Lake City, Utah 84111
Facsimile: 596-2814

The undersigned further certifies that a copy of the foregoing **Reply Memorandum of Points and Authorities in Support of Motion to Quash or in the Alternative for Protective Order** was sent via first class mail, postage prepaid, and facsimile, this 11th day of January, 2005 to:

Todd C. Emerson
SKYWEST AIRLINES,
444 South River Road
St. George, Utah 84790
Facsimile: (435) 634-3505

Gerry Rice

U:\current clients\Callaway_DA\Reply_Memo_Quash.wpd