Erik Strindberg (Bar No. 4154)
Ralph E. Chamness (Bar No. 6511)
**STRINDBERG SCHOLNICK & CHAMNESS, LLC**
44 Exchange Place, 2nd Floor
Salt Lake City, UT 84111
Telephone: (801) 359-4169
Attorneys for Plaintiff

BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **DAVID ANDREW CALLAWAY**<br><br>Plaintiff,<br><br>vs.<br><br>**SKYWEST AIRLINES, INC.,**<br><br>Defendant. | **MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br><br>Case No. 2:04CV00179<br><br>Judge Ted Stewart<br>Magistrate Judge Alba |

Plaintiff David Andrew Callaway ("Mr. Callaway"), by and through his undersigned counsel, hereby submits the following Memorandum in support of his Motion For Protective Order moving the Court for an Order prohibiting Defendant SkyWest Airlines, Inc. ("SkyWest") from seeking any information from Polar Air, any of its related entities, or any entity identified by Mr. Callaway as a potential employer by way of subpoena or any other method of discovery allowed under the Federal Rules of Civil Procedure. As outlined below, Federal Rule of Civil Procedure 26( c) allows the Court to preclude SkyWest from engaging in a fishing expedition which will harm Mr.

27

Callaway. This is particularly true when the information sought is not relevant to any claim presented by Mr. Callaway in this litigation or to any defense raised by SkyWest to Mr. Callaway's claims and the subpoena is facially overbroad.

## ARGUMENT

### A. Mr. Callaway has Standing to Challenge any Subpoena to a Potential Employer.

SkyWest has argued in pleadings that Mr. Callaway does not have standing to challenge subpoenas issued to a third party because only that third party can challenge the subpoenas. While Mr. Callaway agrees that the "general rule" is that only the third party has standing, there are clearly exceptions to that "general rule." A party can challenge a third party subpoena when: 1) the subpoena seeks information which is privileged or affects the party's privacy interests or, 2) if the party has a personal right to, or interest in, the information. See Windsor v. Martindale, 175 F.R.D. 665 (D. Colo. 1997); Smith v. Midland Brake, Inc., 162 F.R.D. 683 (D. Kan. 1995).

Here, SkyWest has provided notice[1] that it intends to serve a subpoena on Polar Air seeking to have Polar Air produce:

---

[1]As the Court is already aware, Mr. Callaway filed a prior motion to the quash the subpoena because SkyWest failed to provide notice. Mr. Callaway has now received notice and has not filed a Motion to Quash in New York based upon SkyWest's counsel's representation that the subpoena has not been served.

> Any and all documents you have in your control and/or possession regarding David Andrew Callaway, SSN [REDACTED], Airman Certificate number [REDACTED], including but not limited to any applications for employment, PRIA requests, letters of introduction or any other document.

A copy of the proposed subpoena is attached as Exhibit "A." Clearly, the information sought affects Mr. Callaway's privacy interest and he has a personal right in documents regarding him.

Courts have noted that a subpoena seeking information from current and former employers (or in this case potential employer) implicates an employee/party's personal interests. Because those rights are implicated, that person has standing to challenge the subpoena. For example, in Graham v. Casey's General Store, 206 F.R.D. 251 (S.D. Ind. 2002), the court allowed the employee-plaintiff to challenge the Defendant's subpoena for then current personnel and employment records and granted the motion for protective order, in part. Similarly, in Terwilliger v. York International Corporation, 176 F.R.D. 214 (D. Va. 1997), the court held that the plaintiff could seek to limit discovery directed to his then employer, particularly where information about salary could be obtained from other sources. The rationale underlying both cases seems to be that discovery directed towards a current employer may injure or destroy an ongoing employment relationship. Therefore, not only does a employee/plaintiff have standing to challenge the discovery, but the courts will generally restrict such discovery unless absolutely necessary.

The United States District Court for the District of Kansas has also held that an employee has standing to challenge a subpoena to former employers. In Stewart v. Mitchell Transport, 2002 U.S. Dist. LEXIS 12958, *58 (D. Kan. 2002), the court found that the plaintiff, "clearly has a personal right with respect to the information contained in his personnel files, job applications, and performance evaluations. Thus, the Court holds that [plaintiff] has standing to move to quash the subpoenas served on his employers and to assert objections to the document requests contained therein." A copy of the Stewart case is attached as Exhibit "B;" see also Beach v. City Olathe, Kansas, 2001 U.S.Dist. LEXIS 16214 (D. Kan. 2001).

This view was echoed by the United States District Court for the Southern District of Indiana in Graham v. Casey's General Stores, Inc., 206 F.R.D. 251, 256 (S.D. Ind. 2002). In Graham, the court recognized that the Plaintiff, "has a legitimate concern that subpoena sent to her current employer under the guise of a discovery request could be a tool for harassment and result in difficulties for her in her new job." While the Defendant argued that the information might go to the Plaintiff's "credibility or motive," the court required the Defendant to "present independent evidence" to support its right to the discovery. Id.

Here, SkyWest seeks to direct discovery not to Mr. Callaway's current employer, but to a potential employer. The fact that SkyWest is attempting to obtain the information from a potential employer does not change Mr. Callaway's personal interest and privacy rights in

the documents. If anything, Mr. Callaway's rights should be afforded more protection because he does not yet have an employment relationship. Mr. Callawy is rightfully concerned that in the highly competitive market for airline pilots, an airline that is served with a subpoena showing that an applicant is involved in litigation with his former airline, is very likely to sour on that applicant and will cause it to hire someone else. The right, or ability, to find employment is at least as important as maintaining it. Accordingly, Mr. Callaway has standing to challenge the subpoena and to seek the protective order requested in this motion.

**B. *The Proposed Subpoena Seeks Irrelevant Information and is Overbroad.***

F.R.C.P. 26(b) limits discovery to information which is "relevant to the claim or defense." Here, the information sought is not relevant to any issue presented in this litigation. While SkyWest contends that the discovery directed towards Polar Air is relevant to the issue of damages and its affirmative defense of failure to mitigate damages, the requested information merely duplicates information which Mr. Callaway has already provided. Mr. Callaway has already provided SkyWest with information about his application to and interviews by Polar Air. Mr. Callaway has also provided Sky West with an email from Polar Air indicating that there was still no position for him. This information shows that Plaintiff has attempted to find work (and, therefore, has engaged in mitigation) and has, of now, still not found work (and, therefore, his damages are not diminished). Any

additional information that Polar Air may have, is unnecessary and would not lead to the discovery of additional relevant information.

Further, it is likely that if a subpoena is actually served on Polar Air that Plaintiff's chance of being hired by Polar Air would be effectively quashed. The market for pilots is very competitive because there are many pilots chasing an ever diminishing number of positions. A potential employee engaged in litigation with his last employer is someone that Polar Air would tend to pass over in favor of less "tarnished" employees. In short, the service of the subpoena would harm Mr. Callaway's chances of employment. This harm must be balanced against the relevancy and need for the information . See Moore's Federal Rules of Civil Procedure § 45.04[3][a]. Since there is no need for the information as it relates to damages, the subpoena should not be allowed.

SkyWest also argues that the information from Polar Air is relevant because of a request it received for information under the Pilot Records Improvement Act of 1996 ("PRIA"), which it believes was invalid. However, it is not clear what information Polar Air may have about an alleged invalid request from someone else. Further, there is no pending claim against SkyWest for its failure to respond to *any* PRIA request, nor has SkyWest made any claim that it has a defense to any of Mr. Callaway's claims based upon the receipt or sending of a PRIA request.

It is also questionable that the information sought from Polar Air goes to Mr. Callaway's credibility, as SkyWest also argues. What may or may not have occurred with another PRIA request is not relevant as to what happened vis-a-vis Polar Air. Further, SkyWest already has documents which show that Mr. Callaway applied for a position at Polar Air, as he testified at his deposition (and also identified in answers to written discovery), but has not been hired.

Finally, the request in the proposed subpoena is facially overbroad. The subpoena seeks, "Any and all documents . . . regarding" Mr. Callaway, then lists specific documents and concludes with "or any other document." Again, the Kansas District Court in Stewart in quashing a similar subpoena seeking employment information stated:

> This Court finds that the use of the term "regarding" makes this request overly broad on its face. The use of such omnibus phrases as "regarding" or "pertaining to" requires the answering party "to engage in mental gymnastics to determine what information may or may not be remotely responsive."

2002 U.S. Dist. LEXIS 12958 at *13; citations omitted. Given the virtually identical language of SkyWest's subpoena, the Court should, at a minimum, limit the requested subpoena.

In short, it seems that SkyWest is simply on a fishing expedition hoping to find or uncover some "dirt" on Mr. Callaway or is simply trying to harm him by impeding his ability to find employment. Because there is no need for the information, any discovery directed to Polar Air should not be allowed.

## CONCLUSION

Because the requested information from Polar Air is irrelevant to any issue presented in this litigation and the subpoena is facially overbroad, the Court should enter an order prohibiting SkyWest from seeking any information from Polar Air, or any entity related to Polar Air.

DATED this 14th day of January, 2005.

**STRINDBERG SCHOLNICK & CHAMNESS, LLC**

Erik Strindberg
Ralph E. Chamness
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** was hand delivered this 14th day of January, 2005 to:

Scott M. Petersen
David N. Kelley
FABIAN & CLENDENIN
215 South State Street, 12th Floor
Salt Lake City, Utah 84111
Facsimile: 596-2814

The undersigned further certifies that a copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** was sent via first class mail, postage prepaid, this 14th day of January, 2005 to:

Todd C. Emerson
SKYWEST AIRLINES,
444 South River Road
St. George, Utah 84790

U:\current clients\Callaway_DA\Memo_Protective_Order.wpd

# EXHIBIT "A"

Issued by the
# UNITED STATES DISTRICT COURT
U.S. DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

DAVID ANDREW CALLAWAY,

V.

SKYWEST AIRLINES, INC.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 2:04CV 00179
(Case pending in Federal District Court, District of Utah)

TO: POLAR AIR
2000 WESTCHESTER AVENUE
PURCHASE, NY 10577

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents you have in your control and/or possession regarding David Andrew Callaway, SSN [redacted], Airman Certificate Number [redacted], including but not limited to any applications for employment, PRIA requests, letters of introduction or any other document.

| PLACE | DATE AND TIME |
|---|---|
| PIP Printing, 190 East Post Road, White Plains, NY, 10601 | 9:30 a.m., December 20, 2004 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT | DATE |
|---|---|
| [signature] Attorneys for Defendant | 12/3/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Scott M. Petersen, Fabian & Clendenin, 215 South State Street, 12th Floor, Salt Lake City, Utah 84111 (801) 531-8900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

DATE | PLACE

SERVED

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED BY (PRINT NAME) | TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________

DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

ile 45, Federal Rules of Civil Procedure, Parts C & D

PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a poena shall take reasonable steps to avoid imposing undue burden or expense person subject to that subpoena. The court on behalf of which the subpoena issued shall enforce this duty and impose upon the party or attorney in breach is duty an appropriate sanction which may include, but is not limited to, lost ngs and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and ng of designated books, papers, documents or tangible things, or inspection emises need not appear in person at the place of production or inspection commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to e and permit inspection and copying may, within 14 days after service of na or before the time specified for compliance if such time is less than 14 fter service, serve upon the party or attorney designated in the subpoena objection to inspection or copying of any or all of the designated materials e premises. If objection is made, the party serving the subpoena shall not led to inspect and copy materials or inspect the premises except pursuant der of the court by which the subpoena was issued. If objection has been he party serving the subpoena may, upon notice to the person commanded ce, move at any time for an order to compel the production. Such an compel production shall protect any person who is not a party or an of a party from significant expense resulting from the inspection and commanded.

) (A) On timely motion, the court by which a subpoena was issued sh or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT “B”

LEXSEE 2002 U.S. DIST LEXIS 12958

**JAMES STEWART, et al., Plaintiffs, v. MITCHELL TRANSPORT, et al., Defendants.**

**CIVIL ACTION No. 01-2546-JWL**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**

***2002 U.S. Dist. LEXIS 12958***

**July 11, 2002, Decided**

**PRIOR HISTORY:** *Stewart v. Mitchell Transp., 2002 U.S. Dist. LEXIS 10332.*

**DISPOSITION:** [*1] Defendants' motions to quash denied in part and granted in part, defendants' motions for protective order denied; Associates Insurance Company's motion to quash subpoena granted in part and denied in part; Associates Insurance Company's motion for protective order granted.

**LexisNexis(R) Headnotes**

**COUNSEL:** For JAMES STEWART, GLORIA STEWART, plaintiffs: Lawrence D. Flick, Prairie Village, KS.

For MITCHELL TRANSPORT, INC., LARRY [*2] G RAMSEY, INSURANCE CORPORATION OF HANNOVER, INSURANCE CORPORATION OF HANOVER, defendants: Roger W. Warren, Jeffrey C. Baker, Sanders Conkright & Warren LLP, Kansas City, MO.

For ASSOCIATES INSURANCE COMPANY, movant: Michael D. Matteuzzi, Michael L. Belancio, Niewald, Waldeck & Brown, P.C., Kansas City, MO.

**JUDGES:** David J. Waxse, U.S. Magistrate Judge.

**OPINIONBY:** David J. Waxse

**OPINION:**

MEMORANDUM AND ORDER

This matter is before the Court on the following Motions: (1) Renewed Motion to Quash Subpoenas and/or Motion for Protective Order filed by Defendants Mitchell Transport, Inc., Larry G. Ramsey, and Insurance Corporation of Hannover (hereinafter referred to collectively as "Defendants") (doc. 43); (2) Motion to Quash, or in the Alternative, for Protective Order, filed by Associates Insurance Company (doc. 24); and (3) Motion to Quash Second Subpoena, or in the Alternative, for Protective Order, filed by Associates Insurance Company (doc. 51).

I. Nature of the Matter Before the Court

This is a personal injury action arising out of the collision between a pickup truck driven by Plaintiff James Stewart and a tractor-trailer driven by Defendant Larry Ramsey ("Ramsey").

[*3] According to Plaintiffs' Complaint, the tractor-trailer was operated by Defendant Mitchell Transport, Inc. ("Mitchell Transport") and insured by Defendant Insurance Corporation of Hannover ("Hannover"). Plaintiffs assert claims against Mitchell Transport and Ramsey for violations of the Interstate Transportation Act. Plaintiffs also assert claims against Mitchell Transport and Ramsey for negligence and reckless conduct. In addition, Plaintiffs assert a claim against Hannover for breach of the insurer's duty to act in good faith.

Plaintiffs have served six subpoenas n1 on various entities that are not parties to this action, including Associates Insurance Company ("AIC"). AIC is located in Texas, while the other entities served are located in Kentucky, Tennessee, and Wisconsin.

n1 In their reply brief, Defendants state that Plaintiffs later served a seventh subpoena on AXA Global Risks US Insurance Company ("AXA subpoena"). *See* Ex. L, attached to doc. 52. The AXA subpoena was signed by Plaintiffs' counsel on May 15, 2002 and apparently served some time thereafter, which was at least more than eight days after Defendants' Renewed Motion to Quash was filed. There is no indication that counsel for the parties have ever conferred regarding the AXA subpoena, as required by D. Kan. Rule 37.2. Because the document request contained in the AXA subpoena differs from the document requests contained in the other six subpoenas at issue, and because Defendants' counsel has failed to satisfy the duty to confer as to the AXA subpoena, the Court will decline to entertain Defendants' Motion to Quash as it applies to the AXA subpoena.

[*4]

II. Defendants' Renewed Motion to Quash and/or Motion for Protective Order (doc. 43)

A. Defendants' Standing to Move to Quash the Subpoenas

Before the Court analyzes the merits of Defendants' objections to the subpoenas and their arguments in support of their Renewed Motion to Quash, the Court must first determine whether Defendants have standing to move to quash the subpoenas. These subpoenas were not served on Defendants but rather on various third parties. Generally speaking, a party to the lawsuit does not have standing to quash a subpoena served on a nonparty. *Johnson v. Gmeinder, 191 F.R.D. 638, 640 n. 2 (D. Kan. 2000); Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 635 (D. Kan. 1999).* A motion to quash a subpoena "may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *Id.* (quoting *Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685 (D. Kan. 1995)).*

Thus, for Defendants to bring this motion, each must have a personal right [*5] or privilege with respect to the subject matter of the documents requested in the subpoenas. The subpoenas directed at Ramsey's former employers (Boyd Brothers Transportation, Mayfield Printing, and General Tire and Rubber) and his present employer (Goodyear Tire and Rubber) seek "all records, documents or information . . . regarding Larry G. Ramsey, including, but not limited to your complete personnel file, job application, job description and performance evaluations." Exs. A-D, attached to doc. 44.

The Court finds that Ramsey clearly has a personal right with respect to the information contained in his personnel files, job applications, and performance evaluations. Thus, the Court holds that Ramsey has standing to move to quash the subpoenas served on his employers and to assert objections to the document requests contained therein. *See Beach v. City Olathe, Kansas, 2001 U.S. Dist. LEXIS 16214,* No. 99-2210- *GTV, 2001 WL 1098032,* at *1 (D. Kan. Sept. 17, 2001) (defendant "clearly has a 'personal right' in his personnel file and applications for employment that would give him standing to move to quash the subpoenas."). In contrast, the Court finds that neither Mitchell Transport nor Hannover [*6] has any personal right or privilege with respect to the personnel files and other employment-related records sought. The Court thus rules that neither Mitchell Transport nor Hannover has standing to move to quash the subpoenas served on Ramsey's employers.

The subpoenas served on AIC and Sentry Select Insurance Company ("Sentry") request "all insurance applications, your complete underwriting file, and complete claims files regarding all collisions or incidents that trucks operated by Mitchell Transport or any driver employed by Mitchell Transport were involved in from July 1, 1997 through the present." Exs. E-F, attached to doc. 44. Mitchell Transport asserts that these documents contain proprietary information

such as Mitchell Transport's client lists, routes of travel, and net worth. It also contends that these documents likely contain privileged communications and materials protected by the work product doctrine.

The Court finds that Mitchell Transport has a personal right with respect to these requested documents. Accordingly, the Court holds that Mitchell Transport has standing to move to quash the subpoenas served on AIC and Sentry. In contrast, Ramsey and Hannover [*7] have presented no information or argument that would lead the Court to believe that they too have any personal right in any of the information contained in the documents requested by these subpoenas. The Court therefore holds that neither Ramsey nor Hannover has standing to move to quash the subpoenas served on AIC and Sentry.

In light of the above, the Court will deny the Renewed Motion to Quash to the extent it is brought by Ramsey and Hannover to quash the subpoenas served on AIC and Sentry. The Court will also deny the Renewed Motion to Quash to the extent it is brought by Mitchell Transport and Hannover to quash the subpoenas served on Ramsey's employers, Boyd Brothers Transportation, Mayfield Printing, General Tire and Rubber, and Goodyear Tire and Rubber.

B. Ramsey and Mitchell Transport's Procedural Objections to the Subpoenas

Ramsey and Mitchell Transport object to all of the subpoenas on procedural grounds, arguing that each of the entities upon which these subpoenas were served is outside the 100-mile geographical limitation provided for in Rule 45(b)(2). That provision allows a subpoena to be served "at any place within the district of the court by [*8] which it is issued, or at any place without the district *that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection* specified in the subpoena . . . ." *Fed.R.Civ.P. 45(b)(2)* (emphasis added). Ramsey and Mitchell Transport contend that the subpoenas should be quashed pursuant to Rule 45(c)(3)(A), which states that the court from which a subpoena was issued shall quash the subpoena if it requires a third party "to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person." Ramsey and Mitchell Transport argue that these subpoenas should be quashed because they require the subpoenaed parties, who are located in Kentucky, Tennessee, Texas, and Wisconsin, "to travel outside the 100 mile limit allowed by Rule 45." Doc. 44 at p. 4.

The Court disagrees. The subpoenas do not require the attendance of any witnesses. They only require the production of documents. n2 The documents are required to be produced at Plaintiffs' counsel's law firm in Prairie Village, Kansas. In other words, the place of production is in Prairie Village, Kansas. The entities subpoenaed are merely [*9] required to mail the documents, or have them delivered, to Plaintiffs' counsel's office in Kansas. No representative is required *to travel* to Kansas. Furthermore, Rule 45(a)(2) expressly states that such document subpoenas *must* issue from the district in which the production is to take place. It provides:

> n2 Rule 45 expressly provides that a subpoena may be issued to compel a nonparty to produce documents independent of any deposition, hearing, or trial. *See Fed.R.Civ.P. 45(c)(2)(A)* ("A person commanded to produce . . . designated books, papers, documents or tangible things . . . need not appear in person at the place of production . . . unless commanded to appear for deposition, hearing or trial.") *See also Fed.R.Civ.P. 45(a)(1)* (setting forth procedure for issuance of subpoena for production of documents that is "separate from a subpoena commanding the attendance of a person").

If separate from a subpoena commanding the attendance of a person, a subpoena for production or inspection [*10] *shall* issue from the court for the district in which the production or inspection is to be made.

*Fed.R.Civ.P. 45(a)(2)* (emphasis added).

In light of the above, the Court holds that the subpoenas were properly issued from this district, where the production was to take place, and that the subpoenas do not require any of the entities served to travel in violation of the Rule's 100-mile limitation. The Court thus declines to quash the subpoenas based on this procedural objection.

C. Ramsey's Substantive Objections to the Subpoenas Served on His Employers

Ramsey objects to the subpoenas directed to three former employers and to his current employer. The subpoenas request:

All records, documents or information in your possession regarding Larry G. Ramsey, including, but not limited to, your complete personnel file, job application, job description and performance evaluations.

Exs. A-D, attached to doc. 44.

Ramsey objects to the subpoenas on the basis that the document request contained therein is overly broad and seeks irrelevant documents. He also objects on the basis that the subpoenas seek confidential documents, including some that contain [*11] confidential medical information about himself.

*1. Overbreadth and irrelevance*

Overbreadth and irrelevance are not contained within Rule 45's list of enumerated reasons for quashing a subpoena. It is well settled, however, that the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) n3 and 34. *See* Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1) (the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."). *See also* 9A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure,* § 2459 at p. 42 (2d ed.) (scope of discovery through a subpoena is "exceedingly broad" and incorporates the provisions of Rules 26(b) and 34). Thus, the court must examine whether a request contained in a subpoena duces tecum is overly broad or seeks irrelevant information under the same standards as set forth in Rule 26 (b) and as applied to Rule 34 requests for production. *See Phalp v. City of Overland Park, Kan., 2002 U.S. Dist. LEXIS 9684,* No. 00-2354- *JAR, 2002 WL 1162449,* at *3-4 (D. Kan. May 8, 2002) (applying general principles [*12] of overbreadth and irrelevance to subpoena duces tecum).

> n3 *Fed.R.Civ.P. 26(b)* provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

a. Overbreadth

The Court will first turn to Ramsey's objection that the request is overly broad. A party objecting to a discovery request on the grounds that the request is overly broad has the burden to support its objection, unless the request is overly broad on its face. *Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653 at 656; Hilt v. SFC Inc., 170 F.R.D. 182, 186 (D. Kan. 1997).* Here, the subpoenas request "all records, documents or information in your possession *regarding* Larry G. Ramsey, including, but not limited to, your complete personnel file, job applications, job description and performance [*13] evaluations." Exs. A-D, attached to doc. 44 (emphasis added). The Court finds that the use of the term "regarding" makes this request overly broad on its face. *See Bradley v. Val-Mejias, 2001 U.S. Dist. LEXIS 25278,* No. 00-2395- *GTV, 2001 WL 1249339,* *6 (D. Kan. Oct. 9, 2001) (use of the term "pertaining to" rendered document request overly broad on its face); *Mackey v. IBP, Inc., 167 F.R.D. 186, 197 (D. Kan.1996)* (same). The use of such omnibus phrases as "regarding" or "pertaining to" requires the answering party "to engage in mental gymnastics to determine what information may or may not be remotely responsive." *Id.*

The Court also finds the request overly broad on its face to the extent it commands the employers to produce "all . . . information" regarding Ramsey. Rule 45 expressly provides that a subpoena may require the production of "designated books, documents or tangible things" in the possession, custody, or control of the subpoenaed individual or entity. *Fed.R.Civ.P. 45(a)(1).* There is no provision for a subpoena that seeks "information."

The Court does not, however, find that the request is overly broad on its face to the extent it asks the employer to [*14] produce discrete documents, *i.e.,* Ramsey's personnel file, job application, job description, and performance evaluations. Moreover, the Court does not find that Ramsey has satisfied his burden to show how the request for these particular documents is overly broad. The Court will therefore overrule his overbreadth objection to the extent the subpoena

requests each employer to produce Ramsey's personnel file, job application, job description, and performance evaluations.

b. Irrelevance

The Court will now turn to Ramsey's relevance objections to the requested personnel files, job applications, job descriptions, and performance evaluations. Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *Sheldon v. Vermonty, 204 F.R.D. 679, 689-90 (D. Kan. 2001)* (citations omitted). A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party. *Id.* (citations omitted). When the discovery sought appears relevant on its face, the [*15] party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure. *Scott v. Leavenworth Unified School Dist. No. 453, 190 F.R.D. 583, 585 (D. Kan. 1999).* Conversely, when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request. *Steil v. Humana, Inc., 197 F.R.D. 442, 445 (D. Kan. 2000).*

Applying these principles, the Court finds that the request for Ramsey's personnel file, job application, job description, and performance evaluations appears relevant on its face, and Ramsey has failed to convince the Court otherwise. The Court is unable to find that there is "no possibility" that the documents requested could have a "possible bearing" on a claim or defense of the parties. Ramsey's safety record, work history and performance issues--while employed as a truck driver or even in some [*16] other capacity--may reveal that Ramsey has a history of other accidents or safety violations. The Court therefore overrules Ramsey's relevancy objections to these subpoenas to the extent they request his personnel files, job applications, job descriptions, and performance evaluations.

*2. Confidentiality*

Ramsey also objects to the subpoenas on the grounds they seek private and confidential information about himself, including some medical information that he contends should remain private. Ramsey does not elaborate on the confidential nature of the requested documents.

Ramsey fails to recognize that a party may not rely on the confidential nature of documents as a basis for refusing to produce them, because "confidentiality does not equate to privilege." *Hill v. Dillard's, Inc., 2001 U.S. Dist. LEXIS 24450,* No. 00-2523- *JWL, 2001 WL 1718367,* *4 (D. Kan. Oct. 9, 2001) (quoting *Folsom v. Heartland Bank, 1999 U.S. Dist. LEXIS 7814,* No. 98-2308- *GTV, 1999 WL 322691,* *2 (May 14, 1999)). *See also Federal Open Mkt. Comm. v. Merrill, 443 U.S. 340, 362, 61 L. Ed. 2d 587, 99 S. Ct. 2800 (1979))* ("there is no absolute privilege for . . . confidential information"). Thus, the Court will [*17] overrule Ramsey's confidentiality objection to the subpoenas.

Apparently recognizing the fact that the Court might overrule his confidentiality objection, Ramsey asks the Court, in the event it enforces the subpoenas, to enter a protective order to prevent the disclosure of the documents to third parties. Although documents are not shielded from discovery on the basis of confidentiality, it is true that a party may request the court to enter a protective order pursuant to *Fed.R.Civ.P. 26(c)* as a means to protect the confidential information from disclosure to individuals or entities not connected with the litigation. *Hill, 2001 WL 1718367,* at *4. The decision whether to enter a protective order is within the court's discretion. *See Thomas v. Int'l Bus. Mach., 48 F.3d 478, 482 (10th Cir. 1995).* Rule 26(c) nevertheless requires that the party seeking the protective order establish "good cause" for the protective order. *Johnson v. Gmeinder, 191 F.R.D. 638, 642 (D. Kan. 2000).* In determining whether good cause exists for the court to issue a protective order that prohibits partial or complete dissemination of documents or other materials [*18] obtained in discovery to non-parties, "the initial inquiry is whether the moving party has shown that disclosure of the information will result in a 'clearly defined and very serious injury.' " *Zapata v. IBP, Inc., 160 F.R.D. 625, 627 (D. Kan. 1995)* (quoting *Koster v. Chase Manhattan Bank, 93 F.R.D. 471, 480 (S.D. N.Y. 1982))* (internal quotations omitted).

Although Ramsey has asked the Court to enter such a protective order, he has failed to show how disclosure of the alleged confidential and medical information to any non-parties would result in a "clearly defined" or "serious injury."

Without such information, the Court is not in a position to determine whether the requisite good cause exists to issue a protective order prohibiting dissemination of Ramsey's personnel files and other requested job-related documents. The Court does, however, recognize that at least the potential for injury exists if the alleged confidential documents, and, in particular, documents containing medical information about Ramsey, are disclosed to non-parties. In the interest of justice, the Court will direct the parties to submit an agreed protective order prohibiting [*19] disclosure of the alleged confidential documents/information to non-parties and prohibiting the use of these documents/information outside of this lawsuit. *See Hill, 2001 WL 1718367,* at *5 (directing parties to attempt to draft a protective order to prevent disclosure of requested documents to non-parties).

Within ten (10) days of the date of filing of this Order, counsel for the parties shall confer and attempt to agree upon such a protective order. If the parties are unable to reach an agreement, the Court will allow Ramsey five (5) days thereafter to move for a protective order prohibiting the disclosure of these documents to non-parties and prohibiting the use of these documents outside of this lawsuit. Plaintiffs shall file their response to the motion for protective order within five (5) days after service of the motion.

*3. Annoyance, harassment, and embarrassment*

Ramsey also urges the Court to quash the subpoenas on the basis that "Plaintiffs [through the subpoenas] are simply attempting to annoy, harass and embarrass" him. Doc. 44 at 2. Rule 45 does not provide for the quashing of a subpoena on this basis. [*20] Rule 26(c), however, does allow a court to enter a protective order to protect a party from annoyance, embarrassment or oppression. The Court will therefore treat Ramsey's request as a Rule 26(c) motion for protective order to prevent the discovery from being had.

As noted above, the moving party has the burden to show good cause for granting a protective order. *Johnson v. Gmeinder, 191 F.R.D. 638, 642 (D. Kan. 2000).* To establish good cause, that party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n. 16, 68 L. Ed. 2d 693, 101 S. Ct. 2193 (1981).* Ramsey has made nothing more than conclusory statements that Plaintiffs seek to annoy, harass, and embarrass him through these subpoenas. These conclusory statements are insufficient to satisfy Ramsey's Rule 26(c) burden. The Court therefore declines to enter a protective order on this basis.

B. Mitchell Transport's Substantive Objections to the Subpoenas Served on AIC and Sentry

The subpoenas served on AIC and Sentry command them to produce the following:

Any and [*21] all information, documents or records in your possession regarding Mitchell Transport, Inc., including but not limited to all insurance applications, your complete underwriting file, and complete claims files regarding all collisions or incidents that trucks operated by Mitchell Transport or any driver employed by Mitchell Transport were involved in from July 1, 1997 through the present.

Exs. E-F, attached to doc. 44.

Apparently, Mitchell Transport applied for, or obtained, liability insurance from these entities at one time. Mitchell Transport objects to the document request contained in the subpoenas on the grounds that it is overly broad and does not seek relevant information. It also objects on the basis that "the information contained in the insurance applications and underwriting files is proprietary in nature in that it contains information such as client lists, routes of travel, net worth, etc." Doc. 44 at p. 3. Finally, it asserts that any underwriting or claims files produced "will likely contain" privileged information. Doc. 52 at 5.

*1. Overbreadth and irrelevance*

Mitchell Transport argues that the request is overly broad in its scope and time frame [*22] (July 1, 1997 n4 to the present) and that any records relating to any other accidents or claims involving Mitchell Transport drivers have no bearing on the issue in this case, *i.e.,* whether *Ramsey* negligently caused the accident involving Plaintiff James Stewart. Plaintiffs do not directly respond to these overbreadth and relevance arguments, and instead assert that irrelevance and overbreadth are not proper grounds for quashing a subpoena.

n4 The collision in this case occurred on July 1, 1997.

As discussed above, a court may quash a subpoena duces tecum that is overly broad or that seeks irrelevant documents. The Court will thus examine the merits of Mitchell Transport's objections. The Court finds the request to be relevant on its face and can easily conceive how the requested documents might reveal information about other accidents and safety violations that would be relevant to Plaintiffs' punitive damages claims. At the same time, however, the Court finds the time period covered to be overly [*23] broad. The Court will therefore limit the subpoena to the time frame July 1, 1997 through June 30, 1998, which is the one-year period following the collision in this case.

In addition, for the same reasons discussed above in Part II.C.1.a, the Court finds the request to be overly broad to the extent the subpoenas command AIC and Sentry to produce (1) "information," and (2) all documents and records "regarding" Mitchell Transport. The Court therefore quashes the subpoenas served on AIC and Sentry to the extent they request this information and these documents.

*2. Proprietary nature of the documents*

The Court will next address Defendants' objection that the subpoenaed documents contain "proprietary information" such as "client lists, routes of travel, net worth, etc." *See* Doc. 44 at p. 3. Defendants contend that this proprietary information falls within the scope of Rule 45(c)(3)(B)(1), which requires the Court to quash a subpoena that will result in "disclosure of a trade secret or other confidential research, development, or commercial information." *Fed.R.Civ.P. 45(c)(3)(B)(1).*

The Federal Rules of Civil Procedure do not define the term "trade secret" or [*24] "confidential research, development, or commercial information." Case law, however, has defined these terms to mean "information, which, if disclosed would cause substantial economic harm to the competitive position of the entity from whom the information was obtained." *In re S3 LTD, 242 B.R. 872, 876 (Bankr. E.D. Va. 1999)* (quoting *Diamond State Ins. Co. v. Rebel Oil Co., 157 F.R.D. 691, 697 (D. Nev. 1994)).*

The party moving to quash a subpoena under Rule 45(c)(3)(B)(1) has the burden to establish that the information sought is confidential and that its disclosure will work a clearly defined and serious injury to the moving party. *Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1025 (Fed. Cir. 1986); Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enter., Inc., 160 F.R.D. 70, 72 (E.D. Pa. 1995).* The claim "must be expressly made and supported by a sufficient description of the nature of the documents, communications, or things not produced so as to enable the demanding party to contest the claim." *Diamond State Ins., 157 F.R.D. at 697-98.*

Mitchell Transport [*25] has not satisfied this burden. It has failed to show that any specific or serious injury would result from the disclosure of this alleged "proprietary" information. In addition, it has failed to describe the documents with sufficient particularity so as to enable Plaintiffs to contest its claim. The Court will therefore decline to grant the motion to quash under Rule 45(c)(3)(B)(1). Mitchell Transport asks the Court--in the event it denies the motion to quash--to enter a protective order preventing disclosure of this alleged proprietary information to non-parties and prohibiting the use of these documents outside of this lawsuit. For the same reason discussed above with respect to Ramsey's request for a protective order (*see* Part II.C.2, *supra*), the Court will direct counsel for the parties to work together with AIC and Sentry to submit an agreed protective order guarding the confidentiality of the alleged proprietary documents/information.

*3. Claim of privilege*

Finally, Mitchell Transport alleges that the requested underwriting and claims files "will likely contain information which is protected by the attorney/client privilege, work product doctrine and/or insurer/insured [*26] privilege." Doc. 52 at 5. Mitchell Transport seeks to quash the subpoenas pursuant to Rule 45(c)(3)(A)(3), which requires a court to quash a subpoena that will result in "disclosure of privileged or other protected matter [where] no exception or waiver applies."

This Court recently summarized the rules regarding subpoenas and privilege as follows:

Parties objecting to [a subpoena] on the basis of . . . privilege bear the burden of establishing that it applies. To carry the burden, they must describe in detail the documents or information to be protected n5 and provide precise reasons for the objection to discovery. A blanket claim as to the applicability of a privilege does not satisfy the burden of proof.

n5 Rule 45 (d)(2) expressly provides that "when information subject to a subpoena is withheld on a claim that such information is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest the claim."

[*27]

*Phalp v. City Of Overland Park, Kan., 2002 U.S. Dist. LEXIS 9684,* No. 00-2354- *JAR, 2002 WL 1162449,* at *2 (D. Kan. May 8, 2002) (citations and internal quotations omitted).

Mitchell Transport has failed to satisfy these requirements with respect to its privilege and work product objections. The Court therefore does not possess sufficient information to enable it to determine whether each element of the asserted privilege/protection has been satisfied. Given Mitchell Transport's failure to provide the required information, the Court could deny the motion to quash to the extent it is based on Mitchell Transport's assertion of privilege and work product protection. The Court, however, will decline to do so at this time. Instead, the Court will grant the motion to quash as to the alleged privileged/protected documents, and AIC and Sentry shall not be required to produce, at least at this time, the requested documents that Mitchell Transport contends are privileged/protected. Notwithstanding the above, however, the Court will direct Mitchell Transport to provide to Plaintiffs a privilege log containing "a detailed description of the materials in dispute and specific and precise reasons [*28] for its claim of protection from disclosure." *See id.* (citation omitted) (requiring party moving to quash on privilege grounds to provide privilege log). The log should, at a minimum, include the following for each document that Mitchell Transport contends is privileged or protected by the work product doctrine:

1. A description of the document (i.e., correspondence, memorandum, etc.);

2. Date prepared or date notations made;

3. Date of document (if different from # 2);

4. Who prepared the document or made notations on the document;

5. For whom the document was prepared and to whom it was directed;

6. Purpose of preparing the document or making the notations;

7. Number of pages of each document; and

8. Basis for withholding discovery.

*See id* (setting forth minimum requirements for privilege log).

Mitchell Transport shall provide this privilege log to Plaintiffs within ten (10) days from the date of filing of this Memorandum and Order. n6 Plaintiffs may then request production of any document for which the claim of privilege/protection appears inadequate or waived, and, if Mitchell Transport objects as provided for under [*29] Rule 45(c)(2)(B), Plaintiffs may file a motion to compel pursuant to that same rule.

n6 In Part III.B.1, below, the Court grants in part AIC's motion to quash the second subpoena served on it. The Court recognizes that its rulings with respect to AIC's motion to quash may render Mitchell Transport's privilege concerns moot.

III. AIC's Motions to Quash, or in the Alternative, for Protective Order (doc. 24 and 51)

A. AIC's Motion to Quash First Subpoena, or in the Alternative, for Protective Order (doc. 24)

Plaintiffs have served, or have attempted to serve, two subpoenas on AIC. AIC moves to quash the first subpoena, arguing that it was not properly served on AIC. Although Plaintiffs do not concede that the first subpoena was improperly served, they do state in their response that they have re-served the subpoena on AIC. By serving the second subpoena, Plaintiffs effectively withdrew the first subpoena, thereby rendering moot the issues raised in this first motion to quash.

B. AIC's [*30] Motion to Quash Second Subpoena, or in the Alternative, for Protective Order (doc. 51)

AIC moves to quash the second subpoena on numerous grounds. In the event the Court denies the motion to quash, AIC requests that the Court enter a protective order to guard the confidentiality of any documents AIC produces pursuant to this subpoena.

*1. Irrelevance*

AIC raises much the same argument as Mitchell Transport regarding the lack of relevance of the subpoenaed documents. For the same reasons discussed above in Part II.B.1, the Court will limit the second subpoena to the time period July 1, 1997 to June 30, 1998 and will quash the second subpoena to the extent it commands AIC to produce documents outside of that time frame.

The Court also notes that its ruling above with respect to the overly broad nature of the subpoena (*see* Part II.C.1.a, *supra*), applies equally to AIC. The Court thus grants AIC's motion to quash to the extent the second subpoena commands AIC to produce (1) "information," and (2) all documents and records "regarding" Mitchell Transport.

*2. Privacy rights of other drivers*

AIC also moves to quash the second subpoena on the basis [*31] that the subpoena requires AIC to divulge information about the driving records of thirty-six drivers who are not parties to this action. AIC asserts that disclosure of this information would violate Tennessee and federal law protecting against the disclosure of such information. *See* Tenn. Code Ann. § 55-25-107; *18 U.S.C. § 2721*. As Plaintiffs correctly point out, however, those laws allow the disclosure of such information "for use in connection with any civil . . . proceeding." *See Tenn. Code Ann. § 55-25-107*; *18 U.S.C. § 2721*.

Accordingly, the Court will decline to quash the second subpoena based on AIC's privacy objections. n7 The Court will, however, grant AIC's motion for protective order to guard against disclosure of these documents to non-parties and to prohibit use of these documents outside of this litigation. Counsel for AIC shall work together with counsel for the parties to agree to a protective order prohibiting the disclosure of these documents to non-parties and prohibiting the use of these documents outside of this lawsuit. In the event an agreement cannot be reached, AIC shall, within ten (10) days [*32] from the date of filing of this Order, submit to the Court a proposed protective order for the Court's review.

n7 The Court recognizes that ten drivers whose records are covered by the second subpoena were not even hired by Mitchell Transport until 2002. Given the Court's ruling as to the relevant time period of the second subpoena, those drivers' records need not be produced.

*3. Proprietary and trade secret information*

AIC objects to producing certain documents that "contain numbers, dollars and codes used by AIC in calculating premiums" (doc. 51 at p. 2) on the basis that they contain proprietary and trade secret information. Plaintiffs respond that they are not interested in these documents. The Court will therefore grant the motion to quash to the extent it commands AIC to produce documents containing such information.

AIC also objects to producing a "Fleet Safety Evaluation" on the basis that it too contains proprietary and trade secret information. AIC states that the Fleet Safety [*33] Evaluation was conducted in September 2001. Because the Court has already ruled that the only relevant time period is July 1, 1997 to June 30, 1998, AIC is not required to produce the Fleet Safety Evaluation and the Court need not address AIC's trade secret argument regarding the Evaluation.

*4. Claim of privilege as to AIC's claims files*

AIC states that it has already provided Plaintiffs with the claims file relating to Plaintiff James Stewart's accident. AIC objects to producing privileged documents from any other claims files, because those files all relate to other accidents. According to AIC, those accidents occurred after September 2001. Because these other claims files fall outside the relevant time period, AIC is not required to produce them, and the Court need not address AIC's privilege objection.

IT IS THEREFORE ORDERED that Defendants' Renewed Motion to Quash (doc. 43-1) is denied to the extent it is brought by Defendants Larry G. Ramsey and Insurance Corporation of Hannover to quash the subpoenas served on Associates Insurance Company and Sentry Select Insurance Company.

IT IS FURTHER ORDERED that Defendants' Renewed Motion to Quash (doc. [*34] 43-1) is denied to the extent it is brought by Defendants Mitchell Transport, Inc. and Insurance Corporation of Hannover to quash the subpoenas served on Boyd Brothers Transportation, Mayfield Printing, General Tire and Rubber, and Goodyear Tire and Rubber.

IT IS FURTHER ORDERED that the Court declines to entertain Defendants' Renewed Motion to Quash (doc. 43-1) to the extent it seeks to quash the subpoena served on AXA Global Risks US Insurance Company.

IT IS FURTHER ORDERED that Defendants' Renewed Motion to Quash (doc. 43-1) is granted to the extent it is brought by Defendant Larry G. Ramsey to quash that portion of the subpoenas served on Boyd Brothers Transportation, Mayfield Printing, General Tire and Rubber, and Goodyear Tire and Rubber which commands them to produce "all records, documents or information in [their] possession regarding Larry G. Ramsey." The Renewed Motion to Quash (doc. 43-1) is denied in all other respects as it applies to the subpoenas served on Boyd Brothers Transportation, Mayfield Printing, General Tire and Rubber, and Goodyear Tire and Rubber.

IT IS FURTHER ORDERED that the Motion for Protective Order (doc. 43-2) brought [*35] by Larry G. Ramsey to protect the confidentiality of documents subpoenaed from Boyd Brothers Transportation, Mayfield Printing, General Tire and Rubber, and Goodyear Tire and Rubber is denied. However, within ten (10) days of the date of filing of this Order, counsel for the parties shall confer and attempt to agree upon a protective order guarding the confidentiality of any private or medical information about Ramsey contained in any documents subpoenaed from Boyd Brothers Transportation, Mayfield Printing, General Tire and Rubber, and Goodyear Tire and Rubber. If the parties are unable to reach an agreement, the Court will allow Ramsey five (5) days thereafter to move for a protective order protecting the confidentiality of the documents/information. Plaintiffs shall respond to the motion for protective order within five (5) days after service of the motion. If neither an agreed-upon protective order nor a motion for protective order is filed within the time period specified, production of the documents requested in the subpoenas served on Boyd Brothers Transportation, Mayfield Printing, General Tire and Rubber, and Goodyear Tire and Rubber. shall proceed [*36] without the protection of any such order.

IT IS FURTHER ORDERED that Defendants' Renewed Motion to Quash (doc. 43-1) is granted in part and denied in part, as set forth herein, to the extent it is brought by Defendant Mitchell Transport, Inc. to quash the subpoenas served on Associates Insurance Company and Sentry Select Insurance Company.

IT IS FURTHER ORDERED that Mitchell Transport, Inc. shall, within ten (10) days from the date of filing of this Order, serve on Plaintiffs a privilege log as set forth herein. Plaintiffs may then request production of any document for which the claim of privilege/protection appears inadequate or waived, and, if Mitchell Transport, Inc. objects as provided for in Rule 45(c)(2)(B), Plaintiffs may file a motion to compel pursuant to that same rule.

IT IS FURTHER ORDERED that the Motion for Protective Order (doc. 43-2) brought by Mitchell Transport, Inc. to protect the confidentiality of alleged proprietary information contained in the documents subpoenaed from Associates

Insurance Company and Sentry Select Insurance Company is denied. However, within ten (10) days of the date of filing of this Order, [*37] counsel for the parties, in conjunction with Associates Insurance Company and Sentry Select Insurance Company, shall confer and attempt to agree upon such a protective order. If an agreement is not reached, the Court will allow Mitchell Transport five (5) days thereafter to move for a protective order protecting the confidentiality of the alleged proprietary documents/information. Plaintiffs shall respond to the motion for protective order within five (5) days after service of the motion.

IT IS FURTHER ORDERED that Associates Insurance Company's Motion to Quash Subpoena, or in the Alternative, for Protective Order (doc. 24) is denied as moot.

IT IS FURTHER ORDERED that Associates Insurance Company's Motion to Quash Second Subpoena (doc. 51-1) is granted in part and denied in part as set forth herein.

IT IS FURTHER ORDERED that Associates Insurance Company's Motion for Protective Order (doc. 51-2) is granted as to the records of those drivers that Associates Insurance Company is required to produce pursuant to this Order. Counsel for Associates Insurance Company shall work together with counsel for the parties to agree to a protective [*38] order protecting the confidentiality of these documents. In the event an agreement cannot be reached, Associates Insurance Company shall, within ten (10) days from the date of filing of this Order, submit to the Court a proposed protective order for the Court's review.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 11th day of July, 2002.

David J. Waxse

U.S. Magistrate Judge

Page 11
2002 U.S. Dist. LEXIS 12958, *