**EXHIBIT C**

12/31

Erik Strindberg (Bar No. 4154)
Lauren Scholnick (Bar No. 7776)
April L. Hollingsworth (Bar No. 9391)
**STRINDBERG SCHOLNICK & CHAMNESS, LLC**
44 Exchange Place
Salt Lake City, Utah 8111
801-359-4169
801-359-4313 (fax)

Attorneys for Plaintiff

---

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

---

| | |
|---|---|
| **DAVID ANDREW CALLAWAY,**<br><br>Plaintiff,<br><br>v.<br><br>**SKYWEST AIRLINES, INC.**<br><br>Defendant. | **PLAINTIFF'S SECOND SET OF WRITTEN DISCOVERY**<br><br>Civil No. 2:04CV00179<br><br>Judge Ted Stewart |

---

Plaintiff, David A. Callaway ("Callaway"), hereby propounds the following Interrogatories, Requests for Production of Documents, and Request for Admissions to Defendant SkyWest Airlines, Inc. ("SkyWest").

**Instructions**

Plaintiff requests that Defendant answers the following Interrogatories and Requests for Production of Documents under oath within thirty days hereof pursuant to Rules 26, 33, and 34 the Federal Rules of Civil Procedure. Production is to be made at the office of the undersigned attorneys for plaintiff.

Plaintiff, pursuant to Rule 36 of the Federal Rules of Civil Procedure, requests the Defendant respond to the following Requests for Admissions by admitting or denying the same within thirty (30) days hereto. Failure to respond to said Requests for Admission within the thirty (30) day period provided by Rule 36 shall result in a conclusively deemed admission of each such request.

**NOTICE: All matters set forth in Requests for Admission herein shall be deemed admitted unless said Request is responded to within 30 days after service of the Request or within such shorter or longer time as the Court may allow, either by Rule or by Order.**

These Interrogatories and Requests for Production of Documents are continuing in nature so as to require defendant seasonably to supplement or amend its answers. Where the name or identity of a person is requested, please state the full name, business address and telephone number, if known, as well as the position at the time in question unless otherwise noted. Where knowledge or information in possession of defendant is requested, such request includes all knowledge of defendant's officers, agents and employees, and, unless privileged, its attorneys. If any of these Interrogatories or Requests for Production of Documents cannot be answered in full, defendant should answer to the extent possible, specifying the reasons for its inability to answer the remainder and stating whatever information, knowledge, or belief it has concerning the unanswered portion. Defendant should also identify the person(s) furnishing the responses to each interrogatory or request.

Where the answer to any interrogatory or request requires the use of documents, please identify all documents in defendant's possession subject to its control, or of which it has knowledge, which would contain any of the information requested in each interrogatory or

request and state the subsection or part of such interrogatory or request to which each document is relevant. For each document identified, please state:

(a) its form;

(b) its location;

©) the names and title of the person or persons having custody of it or in charge of maintaining it;

(d) its date;

(e) its author; and

(f) its length.

If an answer requires defendant to identify documents which are no longer in the possession of, or subject to the control of defendant, it should state when such document or documents were most recently in the possession of, or subject to the control of defendant, and what disposition, if any, was made of them. If such documents have been destroyed, please identify the person who destroyed them and the persons or persons who directed such destruction, and the reasons thereof.

If an answer seeks information or identification of documents as to which defendant claims privilege, please state:

(a) its form;

(b) its location;

(c) the names and title of the person or persons having custody of it or in charge of maintaining it;

(d) its date;

(e) its author;

(f) its length; and

(g) the precise basis for the claim of privilege.

## Definitions

1. Document(s) means any written, printed, typed or other graphic matter of any kind or nature, and any material stored in computers or other data processing and storage equipment, including but not limited to all emails, books, ledgers, pamphlets, data sheets, data processing cards, time slips, time records, calendars, telephone records, memoranda, telegrams, records, audio recordings, video recordings, drafts, handwritten documents, notes, transmittals, magnetic tapes, disks, letters, routing slips, disposition forms, appraisal sheets, rating or evaluation sheets, minutes, applications, certificates, work sheets, any copies of documents bearing notations not found on the original, and other papers or stored data relevant to these Interrogatories and Request for Production of Documents.

(B) Identity or identification when used in reference to a document means to state the type of document as defined in (A) above, its subject matter, its form, its author, its date, its location, and its custodian.

(C) Responses to one interrogatory or request or part of an interrogatory or request may be incorporated by reference in response to other interrogatories or requests or parts thereof.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all complaints that have been made by anyone at SkyWest which either pertains to, or which is about, Jim Breeze.

**INTERROGATORY NO. 2:** Please indicate if anyone at SkyWest is investigating any complaints against, or the conduct of, Jim Breeze. If so, what is the outcome of that investigation?

**INTERROGATORY NO. 3:** Set forth the details of any formal or informal disciplinary action (this should include but not be limited to verbal warnings, counseling statements, letters of instructions, IORs, suspensions, demotions, terminations) that has been taken against any pilot at SkyWest from 1999 to the present, including but not limited to discipline against Steve Kanuch, Randy Chappell, Ben Palmer, Tony Thompson, John Minardi, Phil Alford, Gary Green, Greg Mossop, Dave Bandli, Andy Bharath, Mark Rasmussen, Kelly Dixon, Dave Moxham, Scott Carnevale, Harlan Munger, Preston Davis, and Chip Drane. For each incident, please provide the name of the pilot, the position he or she held, the incident that led to the discipline, the date of the discipline, and the type of discipline levied.

**INTERROGATORY NO. 4:** Set forth all litigation or administrative actions (including Federal, State and local actions, but excluding claims for workers' compensation benefits or unemployment claims) that SkyWest has been involved in against employees or former employees from 1999 to the present. For each litigation or administrative action, set forth the date it was filed, the names of the parties to the action, the court or forum the action was filed in, the case number, the nature of the claim (e.g. - a claim under the Railway Labor Act for unfair employment practices), and the outcome of the action.

**INTERROGATORY NO. 5:** Set forth the nature and the date of the internet postings,

and where they were posted, that led to Callaway being called to St. George in either 2000 or 2001.

**INTERROGATORY NO. 6:** Please provide the date that Skywest first set up a website or other internet site that provided or included a chat board or chat room in which employees could post comments, and the web address for that site.

**INTERROGATORY NO. 7:** Identify all complaints that have been by anyone at SkyWest which either pertains to, or which is about, Carey Breeze.

**INTERROGATORY NO. 8:** Please indicate whether anyone at SkyWest is investigating the complaints against, or the conduct of, Carey Breeze. If so, what is the outcome of that investigation?

**INTERROGATORY NO. 9:** If your answer to Request for Admission No. 1, below, is anything but an unqualified yes, set forth your reasons for the denial or partial denial.

**INTERROGATORY NO. 10:** If your answer to Request for Admission No. 2, below, is anything but an unqualified yes, set forth your reasons for the denial or partial denial.

**INTERROGATORY NO. 11:** If your answer to Request for Admission No. 3, below, is anything but an unqualified yes, set forth your reasons for the denial or partial denial.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Please produce the employment files of each of the individuals included in your response to Interrogatory No. 3.

**REQUEST NO. 2:** Please produce all documents pertaining to or referencing any investigation into Jim Breeze.

**REQUEST NO. 3:** Produce all documents which refer to or which reference the disciplinary actions listed in your response to Interrogatory No. 3

**REQUEST NO. 4:** Produce all documents which refer to or which reference the litigation or administrative actions listed in your response to Interrogatory No. 4.

**REQUEST NO. 5:** Produce all notes, minutes, recordings, memoranda, and/or agendas from any Chief Pilots' meetings which took place from 1999 to the present.

**REQUEST NO. 6:** Produce all documents pertaining to Kristen Wiley's request for leave in the Summer of 2003.

**REQUEST NO. 7:** Produce all documents – including but not limited to notes, computer entries, emails, and memoranda – pertaining to the investigation that SkyWest claims to have conducted into the "incident" in Butte which led to Callaway's suspension in 2001.

**REQUEST NO. 8:** Produce all documentation of Callaway's training records while he was employed by SkyWest. These records should include, but not be limited to, certificates of completion, awards, notes made by instructors, and flight check documents.

**REQUEST NO. 9:** Please produce all documents pertaining to or referencing any investigation into Carey Breeze.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that if a pilot at SkyWest receives any sort of discipline, that the record of the discipline is never purged or taken out of his/her file, and can be used to justify further discipline sometime in the future.

**REQUEST FOR ADMISSION NO. 2:** Admit that Skywest did not receive a written

complaint from Kristen Wiley about Plaintiff Callaway until after Callaway was terminated.

**REQUEST FOR ADMISSION NO. 3:** Admit that Skywest did not interview or talk with anyone about Kristen Wiley's complaint except Mr. Callaway and Ms. Wiley.

Dated this 31st day of December, 2004.

**STRINDBERG SCHOLNICK & CHAMNESS, LLC**

ERIK STRINDBERG
APRIL L. HOLLINGSWORTH
Attorneys for Plaintiff

U:\current clients\Callaway_DA\discovery_2nd_set.wpd

**EXHIBIT D**

Todd C. Emerson, A8175
SkyWest Airlines, Inc.
444 S. River Road
St. George, UT 84790
Telephone: (435) 634-3530

Scott M. Petersen, A7599
David N. Kelley, A9137
FABIAN & CLENDENIN,
A Professional Corporation
215 South State Street, 12th Floor
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900

**Attorneys for Defendant SkyWest Airlines**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANDREW DAVID CALLAWAY<br><br>Plaintiff,<br><br>vs.<br><br>SKYWEST AIRLINES INC., a Utah Corporation,<br><br>Defendant. | **SKYWEST'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Civil No. 2:04CV00179<br><br>Judge Ted Stewart |

Defendant SkyWest Airlines, Inc. hereby responds to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents.

**INTERROGATORIES**

Defendant SkyWest Airlines hereby responds to plaintiff's Second Set of Interrogatories as follows:

**INTERROGATORY NO. 1**: Identify all complaints that have been made by anyone at SkyWest which either pertains to, or which is about, Jim Breeze.

**ANSWER**: SkyWest objects to this interrogatory as it is overly burdensome and overbroad in time, scope, and application. SkyWest further objects on the basis that it is vague, ambiguous and unintelligible. SkyWest does not know what is meant by the term "complaint," or the phrase "pertains to, or which is about." SkyWest further objects that the information sought by this interrogatory is irrelevant to the parties' claims or defenses.

**INTERROGATORY NO. 2**: Please indicate if anyone at SkyWest is investigating any complaints against, or the conduct of, Jim Breeze. If so, what is the outcome of that investigation?

**ANSWER**: SkyWest objects to this interrogatory as it is overly burdensome and overbroad in time, scope, and application. SkyWest further objects on the basis that it is vague, ambiguous and unintelligible. SkyWest does not know what is meant by the term "investigating," or the term "complaints against." SkyWest further objects that the information sought by this interrogatory is irrelevant to the parties' claims or defenses. Without waiving these objections, SkyWest responds that it is not conducting any formal investigation into the actions of Mr. Breeze.

**INTERROGATORY NO. 3**: Set forth the details of any formal or informal disciplinary action (this should include but not be limited to verbal warnings, counseling statements, letters of

instructions, IORs, suspensions, demotions, terminations) that has been taken against any pilot of SkyWest from 1999 to the present, including but not limited to discipline against Steve Kanuch, Randy Chappell, Ben Palmer, Tony Thompson, John Minardi, Phil Alford, Gary Green, Greg Mossop, Dave Bandli, Andy Bharath, Mark Rasmussen, Kelly Dixon, Dave Moxham, Scott Carnevale, Harlan Munger, Preston Davis, and Chip Drane. For each incident, please provide the name of the pilot, the position he or she held, the incident that led to the discipline, the date of the discipline, and the type of discipline levied.

**ANSWER**: SkyWest objects to this interrogatory as it is overly burdensome and overbroad in time, scope, and application. SkyWest has employed literally thousands of pilots since 1999. SkyWest further objects on the basis that this interrogatory is vague, ambiguous and unintelligible. SkyWest does not know what is meant by the phrase "formal or informal disciplinary action." SkyWest does not keep records of each incident in which a pilot is counseled by his or her superior and therefore is unable to respond to this interrogatory in any event. Moreover, this interrogatory seeks information that is cumulative to Callaway's prior discovery requests wherein he sought, and his counsel was provided, with access to the employee files for Stephen G. Kanuch, Randy T. Chappel, Ben Palmer, Anthony D. Thompson, Charles P. Alford, Gary R. Green, David M. Bandli, Andy T. Bharath, Hiram M. Drane, and Daniel G. Ence. SkyWest further objects to this interrogatory on the basis that it irrelevant to the parties' claims or defenses.

**INTERROGATORY NO. 4**: Set forth all litigation or administrative actions (including Federal, State and local actions, but excluding claims for workers' compensation benefits or unemployment claims) that SkyWest has been involved in against employees or former

employees from 1999 to the present. For each litigation or administrative action, set forth the date it was filed, the names of the parties to the action, the court or forum the action was filed in, the case number, the nature of the claim (e.g., a claim under the Railway Labor Act for unfair employment practices), and the outcome of the action.

**ANSWER**: SkyWest objects to this interrogatory as it seeks information that is irrelevant to the parties' claims or defenses. Notwithstanding this objection, SkyWest responds that there has been no litigation or administrative actions since 1999 by any SkyWest pilot asserting violations of the Railway Labor Act, termination in violation of Utah's public policy, or violations of the Wire and Electronic Communication Interception and Interception of Oral Communications Act.

**INTERROGATORY NO. 5**: Set forth the nature and the date of the internet postings, and where they were posted, that led to Callaway being called to St. George in either 2000 or 2001.

**ANSWER**: SkyWest objects to this interrogatory on the basis that it seeks information more easily obtainable from other sources. Moreover, this interrogatory seeks information that is irrelevant to the parties' claims or defenses. SkyWest further objects on the basis that this interrogatory is vague, ambiguous and unintelligible. SkyWest does not know what is meant by the term "internet postings." Notwithstanding these objections, see the depositions of Kelvin Hyatt, Jim Breeze, and Brad Holt for information related to statements Callaway made on the SAPA website in 2000. SkyWest does not possess or control any documents responsive to this interrogatory.

**INTERROGATORY NO. 6**: Please provide the date that SkyWest first set up a website or other internet site that provided or included a chat board or chat room in which employees could post comments, and the web address for that site.

**ANSWER**: SkyWestonline.com first went live on October 30, 2000. The internet address is www.skywestonline.com.

**INTERROGATORY NO. 7**: Identify all complaints that have been by anyone at SkyWest which either pertains to, or which is about, Carey Breeze.

**ANSWER**: SkyWest objects to this interrogatory on the basis that it is vague, ambiguous and unintelligible. SkyWest does not know what is meant by the term "complaints" or the phrase "anyone at SkyWest." SkyWest further objects to this interrogatory on the basis that it irrelevant to the parties' claims or defenses.

**INTERROGATORY NO. 8**: Please indicate whether anyone at SkyWest is investigating the complaints against, or the conduct of, Carey Breeze. If so, what is the outcome of that investigation?

**ANSWER**: SkyWest objects to this interrogatory on the basis that it is vague, ambiguous and unintelligible. SkyWest does not know what is meant by the term "complaints." SkyWest further objects to this interrogatory on the basis that it irrelevant to the parties' claims or defenses.

**INTERROGATORY NO. 9**: If your answer to Request for Admission No. 1, below, is anything but an unqualified yes, set forth your reasons for the denial or partial denial.

**ANSWER**: SkyWest objects to this interrogatory on the basis that it is vague, ambiguous and unintelligible. SkyWest does not know what is meant by the term "unqualified

yes." Notwithstanding this objection, there are circumstances in which a pilot's disciplinary action may be changed, amended, or deleted. See the Deposition of Kelvin Hyatt. This in fact occurred with Callaway on two occasions.

**INTERROGATORY NO. 10**: If your answer to Request for Admission No. 2, below, is anything but an unqualified yes, set forth your reasons for the denial or partial denial.

**ANSWER:** SkyWest objects to this interrogatory on the basis that it is vague, ambiguous and unintelligible. SkyWest does not know what is meant by the term "unqualified yes."

**INTERROGATORY NO. 11**: If your answer to Request for Admission No. 3, below, is anything but an unqualified yes, set forth your reasons for the denial or partial denial.

**ANSWER:** SkyWest objects to this interrogatory on the basis that it is vague, ambiguous and unintelligible. SkyWest does not know what is meant by the term "unqualified yes." Notwithstanding this objection, several people within the appropriate SkyWest departments on a "needs to know" basis were made aware of and/or discussed Ms. Wiley's allegations regarding Mr. Callaway. See generally, the depositions of Brad Holt, Jim Breeze, Andrew Callaway, Kelvin Hyatt, and Jacque Nielsen.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant SkyWest Airlines hereby responds to plaintiff's Second Set of Requests for Production of Documents as follows:

**REQUEST NO. 1**: Please produce the employment files of each of the individuals included in your response to Interrogatory No. 3.

**RESPONSE**: SkyWest objects to this request as it is overly burdensome and overbroad in time, scope, and application. SkyWest has employed literally thousands of pilots since 1999. SkyWest further objects on the basis that this request is vague, ambiguous and unintelligible. SkyWest does not know what is meant by the phrase "formal or informal disciplinary action" as stated in the applicable interrogatory. SkyWest does not keep records of each incident in which a pilot is counseled by his or her superior and therefore is unable to respond to this request in any event. Moreover, this request seeks information that is cumulative to Callaway's prior discovery requests wherein he sought, and his counsel was provided, with access to the employee files for Stephen G. Kanuch, Randy T. Chappel, Ben Palmer, Anthony D. Thompson, Charles P. Alford, Gary R. Green, David M. Bandli, Andy T. Bharath, Hiram M. Drane, and Daniel G. Ence. SkyWest further objects to this request on the basis that it seeks documents irrelevant to the parties' claims or defenses.

**REQUEST NO. 2**: Please produce all documents pertaining to or referencing any investigation into Jim Breeze.

**RESPONSE**: SkyWest objects to this request as it is overly burdensome and overbroad in time, scope, and application. SkyWest further objects on the grounds that the information sought by this request is irrelevant to the parties' claims or defenses. Without waiving these objections, SkyWest responds that it does not possess or control any documents from 1999 to the present that are responsive to this request.

**REQUEST NO. 3**: Produce all documents which refer to or which reference the disciplinary actions listed in your response to Interrogatory No. 3.

**RESPONSE**: SkyWest objects to this request as it is overly burdensome and overbroad in time, scope, and application. SkyWest has employed literally thousands of pilots since 1999. SkyWest further objects on the basis that this request is vague, ambiguous and unintelligible. SkyWest does not know what is meant by the phrase "formal or informal disciplinary action" as stated in the applicable interrogatory. SkyWest does not keep records of each incident in which a pilot is counseled by his or her superior and therefore is unable to respond to this request in any event. Moreover, this request seeks information that is cumulative to Callaway's prior discovery requests wherein he sought, and his counsel was provided, with access to the employee files for Stephen G. Kanuch, Randy T. Chappel, Ben Palmer, Anthony D. Thompson, Charles P. Alford, Gary R. Green, David M. Bandli, Andy T. Bharath, Hiram M. Drane, and Daniel G. Ence. SkyWest further objects to this request on the basis that it seeks documents irrelevant to the parties' claims or defenses.

**REQUEST NO. 4**: Produce all documents which refer to or which reference the litigation or administrative actions listed in your response to Interrogatory No. 4.

**RESPONSE**: SkyWest objects to this request as it is overbroad in scope and seeks information that is irrelevant to the parties' claims or defenses. Notwithstanding this objection, SkyWest responds that it does not possess or control any documents from 1999 to the present that are responsive to this request.

**REQUEST NO. 5**: Produce all notes, minutes, recordings, memoranda, and/or agendas from any Chief Pilots' meetings which took place from 1999 to the present.

**RESPONSE**: SkyWest objects to this request as it is overly burdensome and overbroad in time, scope, and application. SkyWest does not keep individual records of chief pilot

meetings. SkyWest further objects to this request on the basis that it seeks documents irrelevant to the parties' claims or defenses. See the depositions of Kelvin Hyatt, Jim Breeze and Brad Holt.

**REQUEST NO. 6**: Produce all documents pertaining to Kristen Wiley's request for leave in the Summer of 2003.

**RESPONSE**: SkyWest objects to this request on the basis that it seeks documents irrelevant to the parties' claims or defenses. SkyWest objects on the further basis that the documents sought by this request are protected by law, including but not limited to, HIPPA.

**REQUEST NO. 7**: Produce all documents—including but not limited to notes, computer entries, emails, and memoranda—pertaining to the investigation that SkyWest claims to have conducted into the "incident" in Butte which led to Callaway's suspension in 2001.

**RESPONSE**: SkyWest has already produced all documents responsive to this request.

**REQUEST NO. 8**: Produce all documentation of Callaway's training records while he was employed by SkyWest. These records should include, but not be limited to, certificates of completion, awards, notes made by instructors, and flight check documents.

**RESPONSE**: SkyWest has already produced all documents responsive to this request.

**REQUEST NO. 9**: Please produce all documents pertaining to or referencing any investigation into Carey Breeze.

**RESPONSE**: SkyWest objects to this request on the basis that it seeks documents irrelevant to the parties' claims or defenses.

VERIFICATION

STATE OF UTAH )
) ss.
COUNTY OF WASHINGTON )

JACQUE NIELSEN, being first duly sworn, says that she is the Human Resources Manager for SkyWest Airlines, Inc., that she is authorized to sign this Verification for and on behalf of SkyWest, that she has read the foregoing answers to interrogatories and that the same are true and correct.

JACQUE NIELSEN

SUBSCRIBED AND SWORN TO before me this ____ day of February, 2005.

Notary Public

As to objections and responses to requests for production of documents:

DATED this 14th day of February 2005.

Todd C. Emerson
SkyWest Airlines, Inc.

Scott M. Petersen
David N. Kelley
FABIAN & CLENDENIN

Attorneys for SkyWest Airlines, Inc.

**VERIFICATION**

STATE OF UTAH )
) ss.
COUNTY OF WASHINGTON )

JACQUE NIELSEN, being first duly sworn, says that she is the Human Resources Manager for SkyWest Airlines, Inc., that she is authorized to sign this Verification for and on behalf of SkyWest, that she has read the foregoing answers to interrogatories and that the same are true and correct.

JACQUE NIELSEN

SUBSCRIBED AND SWORN TO before me this 18th day of February, 2005.

JILL E JONES
Notary Public
State of Utah
My Commission Expires Oct. 10, 2008
3280 Inca Circle, St George, UT 84790

Notary Public

As to objections and responses to requests for production of documents:

DATED this ______ day of February 2005.

Todd C. Emerson
SkyWest Airlines, Inc.

Scott M. Petersen
David N. Kelley
FABIAN & CLENDENIN

Attorneys for SkyWest Airlines, Inc.