employee handbook sets forth certain terms and conditions of employment which may constitute an implied in fact contract as well as the practices of the airline. These practices include not terminating pilots except for cause and giving them the opportunity to appear before a review board."

Now, yesterday you testified that you were aware that the handbook has language saying that your employment with SkyWest is at-will, correct?

A. Yes.

Q. And that you could quit at any time with any--for any reason, right?

A. Yes.

Q. And that, in fact, it explains that you can be fired at any time and for any reason, right?

A. Yes.

Q. You also testified yesterday that, for example, if a pilot tests positive for alcohol or drug use, that they are terminated automatically without any procedures. Is that right?

A. I would assume so, yes.

Q. Are there--is there anything outside of

stuff, this 181 pages, there are many things that are blacked out. Do you know what's blacked out?

A. No, I do not. I did not black this one out. It appears the names are blacked out except for mine.

Q. Did you instruct anyone to black out the names?

A. No.

Q. Do you know why they were blacked out?

A. No.

MR. PETERSEN: What's the purpose of blacking them out, Mr. Strindberg? Is this-- they're not privileged. I'm trying to figure out. I mean, I'm assuming it was your office that blacked them out.

MR. STRINDBERG: Go off the record, and I'll answer.

MR. PETERSEN: All right. Let's go off.

THE VIDEOGRAPHER: We're going off the record. Time is 10:25 a.m.

(A discussion was held off the record.)

THE VIDEOGRAPHER: We're back on the record. Time is 10:28 a.m.

Exhibit-49 marked

BY MR. PETERSEN:

Q. All right. Mr. Callaway, I'm showing you what's been marked Exhibit 49. Do you see that? It's CAL0318. Do you recognize that document?

A. Yes, I do.

Q. What is it?

A. It's an e-mail I sent to Polar Air Cargo regarding future classes to see if I was still a candidate.

Q. Do you see the person--at the top there's a "From," so it's a--there's a response from a Denise Cambone or Cambone or something.

A. Yes.

Q. She--it says "@AtlasAir.com."

A. That's correct.

Q. Was that Polar Air?

A. That's Polar Air.

Q. Does this refresh your recollection? Was Denise Cambone or Cambone one of the women that interviewed you?

A. I don't believe she was one. She's in human resources.

Q. Could she have been the one who faxed the PRIA request to SkyWest?

A. I don't believe she was in Miami during the interview process.
Q. Have you ever met Denise in person?
A. I don't recall. The name--I would have--like I said before, I'd have to go look at the names to see who were the ones in attendance when I interviewed.
Q. Now, if I look at your e-mail to her, it says, "Just following up from our last conversation regarding my placement in a future training class." Was there a present training class that you had received?
A. No, there was not.
Q. So when you say "future training class," what did you mean?
A. Because initially they had offered--or selected me to go into training. And that class was--there was no time frame of when that training was to occur. And I was trying to find out when or if there was a training class upcoming.
Q. So this isn't a second go-around at all.
A. No.
Q. Okay. Did you--had--well, do you have an understanding--does Polar Air give you training

before they tell you that they've hired you, or do they tell you that they've hired you and then give you training?

A. I don't know what Polar's process is.

Q. But when you were hired at SkyWest, you were told that you were hired and then you were scheduled for ground training, right?

A. Yes.

Q. That's not what happened with Polar Air.

A. No.

Q. So you were asking for training even though you were not offered a job just yet.

A. I was told that I was--they were very impressed with my interview, and they wanted to offer me a position.

Q. Did they do that on the phone or--

A. On the phone.

Q. Okay. So you did not receive any letter offering you a position.

A. No.

Q. And then when you followed up on that phone call--I'm assuming you did.

A. Yes.

Q. What occurred thereafter?

A. They did not know when there would be training.

Q. And they just sort of left you hanging.

A. That's--yes.

Q. And they're still leaving you hanging.

A. They're still leaving me hanging.

Q. Okay. Did you call up to ask why it is they hadn't followed up?

A. It's my understanding right now that the seniority lists of Atlas Air and Polar Air are being merged and that all training is suspended.

Q. So you're sort of on hold.

A. That's correct.

Q. Do you anticipate that if things work out and there are openings that you will receive one of those openings?

A. I would hope so, but I don't know what their plans are.

Q. Do you know whether you're on a list of others who they've given similar offers to?

A. I don't know that.

Q. Okay. Were you--prior--had you been scheduled for particular training prior to this e-mail?

A. No.
Q. Were you ever scheduled for training on a specific date with Polar Air?
A. No.
Q. You didn't miss any meetings or any training with Polar Air.
A. No.
Q. They just sort of--like I said, We're looking good--you're looking good. Here's potential training. And then everything got frozen because they did something internally with their seniority lists.
A. Yes. I was given only two day's notice for interview. I mean, I honestly don't know what they're doing. All I know is the rumors I read on the Internet of what's going on over there.
Q. What are those rumors?
A. Well, just--the one I just mentioned, the merger or--yeah, seniority merger. And there's also rumors that UPS is looking to buy the aircraft from Polar. Therefore Polar would not be around any longer.

Exhibit-50 marked

BY MR. PETERSEN:

Q. All right. I'm going to show you what has been marked as Exhibit 50. This is CAL0321. Do you recognize that document?
A. This is a--
MR. STRINDBERG: Just answer yes or no.
THE WITNESS: Oh, yes. Yes.
BY MR. PETERSEN:
Q. Okay. Tell me what it is.
A. It appears to be the--a worksheet that I was asked to fill out from the Department of Workforce Services when I applied for the Workforce Investment Act funding that paid for my 737 type rating.
Q. All right. What does it purport to do? What are you telling the Department of Workforce Services with the information you're putting in here?
A. They just wanted to know what my job search was.
Q. So they're asking to tell them what efforts you've made to find a job.
A. That's correct.
Q. What year--I don't know--I know there's no year that I can see on here. What year are we talking about?

A. This was filled out in 2003.
Q. So when I see on the left the dates, those months, that's all November of 2003.
A. That's correct.
Q. Have you continued similar efforts to find a job since this was prepared?
MR. STRINDBERG: Objection. Question is unclear.
BY MR. PETERSEN:
Q. Do you understand the question?
A. I continue to update my resumes with all the carriers that I have applied for.
Q. Look at the far right. It says, "Results of Job Search Contact." Do you see that?
A. Uh-huh (affirmative.) Yes.
Q. And you've listed most of the time--I think it says "Waiting." Is that fair?
A. Yes.
Q. Then, if you go down, it's--you have "Polar Air Cargo." And you've listed, "No interviews until 2004."
A. That's correct.
Q. You had the interview in 2004 with Polar Air.

A. That's correct.
Q. You only had the one interview with the woman and the man, right?
A. That's correct.
Q. Nothing since other than your contacts by e-mail, I guess.
A. That's correct.
Q. Then it says, "Southwest: Interview second quarter 2004."
A. Yes.
Q. Did you have an interview with Southwest--
A. No.
Q. --in the second quarter of 2004?
A. No. That was when they were planning to start interviewing again. At the time I filled this form out, they were not interviewing.
Q. And--okay. And you were not selected for an interview with Southwest. Is that fair?
A. I have not interviewed with Southwest. This was simply saying that they are starting to interview the second quarter of 2004.
Q. All right. And FedEx, is that similar?
A. Same thing, yes.
Q. Second quarter to third quarter 2004.

You've not interviewed with them either.

A. No, I have not.

Q. Do you expect to interview with anybody other than Jet Blue and Polar Air in the near future?

A. Jet Blue.

Q. Didn't you indicate you had an interview with Jet Blue?

A. Over a year ago.

Q. Okay. And so my question is, do you plan on interviewing with any other airlines?

A. I would hope so, but I certainly don't plan on it.

Q. You don't have any schedules currently.

A. No, I do not. The longer it goes on, the less desirable I become.

Q. Why is that?

A. My currency. I do not have--a lot of these companies require X amount of hours in the last six months or certain time frame. And I do not fall into that category.

Exhibit-51 marked

BY MR. PETERSEN:

Q. All right. I'm showing you what's been marked as Exhibit 51. It's 0362, CAL0362. What

# EXHIBIT "D"

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

U.S. DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

DAVID ANDREW CALLAWAY,

V.

SKYWEST AIRLINES, INC.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 2:04CV 00179
(Case pending in Federal District Court, District of Utah)

TO: POLAR AIR
2000 WESTCHESTER AVENUE
PURCHASE, NY 10577

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents you have in your control and/or possession regarding David Andrew Callaway, SSN [redacted]; Airman Certificate Number [redacted]; including but not limited to any applications for employment, PRIA requests, letters of introduction or any other document.

| PLACE | DATE AND TIME |
|---|---|
| PIP Printing, 190 East Post Road, White Plains, NY, 10601 | 9:30 a.m., December 20, 2004 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT | DATE |
|---|---|
| [signature] Attorneys for Defendant | 12/3/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Scott M. Petersen, Fabian & Clendenin, 215 South State Street, 12th Floor, Salt Lake City, Utah 84111 (801) 531-8900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in ıe Proof of Service is true and correct.

xecuted on ____________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

e 45, Federal Rules of Civil Procedure, Parts C & D

ᴾROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a ɔena shall take reasonable steps to avoid imposing undue burden or expense person subject to that subpoena. The court on behalf of which the subpoena ssued shall enforce this duty and impose upon the party or attorney in breach s duty an appropriate sanction which may include, but is not limited to, lost ıgs and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and ıg of designated books, papers, documents or tangible things, or inspection mises need not appear in person at the place of production or inspection commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to e and permit inspection and copying may, within 14 days after service of na or before the time specified for compliance if such time is less than 14 ter service, serve upon the party or attorney designated in the subpoena objection to inspection or copying of any or all of the designated materials : premises. If objection is made, the party serving the subpoena shall not ed to inspect and copy materials or inspect the premises except pursuant ler of the court by which the subpoena was issued. If objection has been e party serving the subpoena may, upon notice to the person commanded ce, move at any time for an order to compel the production. Such an compel production shall protect any person who is not a party or an f a party from significant expense resulting from the inspection and commanded.

(A) On timely motion, the court by which a subpoena was issued h or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ɔOC

# EXHIBIT "E"

Todd C. Emerson A8175)
SKYWEST AIRLINES, INC.
444 South River Road
St. George, UT 84790
Telephone: (435) 634-3530
Facsimile: (435) 634-3505

Scott M. Petersen, A7599
David N. Kelley, A9137
FABIAN & CLENDENIN,
A Professional Corporation
215 South State Street, 12th Floor
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900
Facsimile: (801) 596-2814

Attorney for Defendant SkyWest Airlines, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **DAVID ANDREW CALLAWAY,**<br><br>Plaintiff,<br><br>v.<br><br>**SKYWEST AIRLINES, INC.**<br><br>Defendant. | **NOTICE OF SUBPOENA REQUIRING PRODUCTION OF DOCUMENTS**<br><br>Case No.: No. 2:04CV00179<br>(Judge Ted Stewart) |

Pursuant to Rule 45(b)(1) of the Federal Rules of Civil Procedure, notice is hereby given that the attached Subpoena in a Civil Case will be, or has been, served requiring the production of documents as set forth in the Subpoena, on the date, time and place specified therein.

DATED this 9th day of December, 2004.

Scott M. Petersen
David N. Kelley
FABIAN & CLENDENIN,
A Professional Corporation

Todd C. Emerson
SkyWest Airlines, Inc.

Attorneys for SkyWest

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **NOTICE OF SUBPOENA REQUIRING PRODUCTION OF DOCUMENTS** to be mailed, postage prepaid, and sent via facsimile this 9th day of December, 2004, to the following:

Erik Strindberg, Esq.
Lauren I. Scholnick, Esq.
Strindberg & Scholnick, LLC
44 Exchange Place, 2nd Floor
Salt Lake City, UT 84111
**Fax: 359-4313**

Holley Freeman

Fabian & Clendenin
A Professional Corporation
F&C

Attorneys at Law
215 South State, Twelfth Floor
Salt Lake City, UT 84111
Telephone: (801) 531-8900

P.O. Box 510210
Salt Lake City, UT 84151-0210

HOLLEY FREEMAN
*Legal Assistant*
Direct Dial: (801) 323-2241
Facsimile: (801) 531-1716
hfreeman@fabianlaw.com

December 7, 2004

Polar Air
Attn: Custodian of Records
2000 Westchester Avenue
Purchase, NY 10577

Dear Custodian:

Accompanying this letter is a Subpoena Duces Tecum which demands the production of documents within your custody, possession or control. You may comply with the Subpoena by mailing a copy of the documents to our office at PO Box 510210, Salt Lake City, UT 84151-0210 so that they arrive before the scheduled date, which is December 20, 2004. You will be released from the subpoena when we receive that copy. If you choose this method, please include an invoice and we will reimburse the costs of copying as well as mailing those documents. Alternatively, you may produce the documents for copying at the office of PIP Printing, located at 190 East Post Road, White Plains, New York, 10601, on December 20, 2004 at 9:30 a.m. and they will reproduce them and mail them to us. Thank you for your assistance, and please call if you have any questions.

Sincerely,

Holley Freeman
Holley Freeman
Legal Assistant to Scott M. Petersen

Enclosure

328398_1.DOC

Issued by the

# UNITED STATES DISTRICT COURT

U.S. DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

DAVID ANDREW CALLAWAY,

v.

SKYWEST AIRLINES, INC.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 2:04CV 00179
(Case pending in Federal District Court, District of Utah)

TO: POLAR AIR
2000 WESTCHESTER AVENUE
PURCHASE, NY 10577

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents you have in your control and/or possession regarding David Andrew Callaway, SSN [redacted], Airman Certificate Number [redacted], including but not limited to any applications for employment, PRIA requests, letters of introduction or any other document.

| PLACE | DATE AND TIME |
|---|---|
| PIP Printing, 190 East Post Road, White Plains, NY, 10601 | 9:30 a.m., December 20, 2004 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT | DATE |
|---|---|
| Scott M. P[signature] Attorneys for Defendant | 12/3/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Scott M. Petersen, Fabian & Clendenin, 215 South State Street, 12th Floor, Salt Lake City, Utah 84111 (801) 531-8900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

327354_1.DOC

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME)

MANNER OF SERVICE

SERVED BY (PRINT NAME)

TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT "F"

FILED
CLERK, U.S. DISTRICT COURT
2005 FEB 11 P 2:07
DISTRICT OF UTAH
BY: DEPUTY CLERK

RECEIVED CLERK
FEB - 8 2005
U.S. DISTRICT COURT

RECEIVED
FEB 08 2005
SAMUEL ALBA
U.S. MAGISTRATE

Erik Strindberg (Bar No. 4154)
Ralph E. Chamness (Bar No. 6511)
**STRINDBERG SCHOLNICK & CHAMNESS, LLC**
44 Exchange Place, 2nd Floor
Salt Lake City, UT 84111
Telephone: (801) 359-4169
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **DAVID ANDREW CALLAWAY**<br><br>Plaintiff,<br><br>vs.<br><br>**SKYWEST AIRLINES, INC.,**<br><br>Defendant. | **ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**<br><br>Case No. 2:04CV00179<br><br>Judge Ted Stewart<br>Magistrate Judge Samuel Alba |

The Court heard oral argument on Plaintiff's Motion for Protective Order on February 1, 2005. Plaintiffs were represented by Ralph E. Chamness and Defendant was represented by Scott M. Petersen and David N. Kelley. The Court having considered the arguments of counsel, the pleadings on file and being otherwise fully advised on this matter:

**IT IS ORDERED**:

1. Plaintiff's Motion for Protective Order is GRANTED.

35

2. Defendant may not seek any information from Polar Air, any of its related entities, or any entity identified by Plaintiff as a potential employer, by way of subpoena or any other method of discovery allowed under the Federal Rules of Civil Procedure.

3. Defendants may file a Motion to Compel seeking the information covered by this Protective Order after re-deposing Plaintiff, deposing Tiffany Cotter and after Plaintiff has provided Defendant with a copy of the taped voice mails in Plaintiff's possession.

DATED this 11th day of February, 2005.

**BY THE COURT**

SAMUEL ALBA
United States District Court Magistrate

Approved as to Form:

FABIAN & CLENDENIN

Scott M. Petersen
David N. Kelley
Attorneys for Defendant

U:\current clients\Callaway_DA\Order_Motion_ProtectiveOrder.wpd

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing **ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** was sent via U.S.mail, pre-paid postage on the 8TH day of February, 2005, to:

Scott M. Petersen
David N. Kelley
FABIAN & CLENDENIN
215 South State Street, 12th Floor
Salt Lake City, Utah 84111
Facsimile: 596-2814

The undersigned further certifies that a copy of the foregoing **ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** was sent via U.S.mail, pre-paid postage on the 8th day of February, 2005, to:

Todd C. Emerson
SKYWEST AIRLINES,
444 South River Road
St. George, Utah 84790
Facsimile: (435) 634-3505

Jerry Rice
______________________

jmr

United States District Court
for the
District of Utah
February 14, 2005

* * CERTIFICATE OF SERVICE OF CLERK * *

Re: 2:04-cv-00179

True and correct copies of the attached were either mailed, faxed or e-mailed by the clerk to the following:

Mr. Erik Strindberg, Esq.
STRINDBERG SCHOLNICK & CHAMNESS LLC
44 EXCHANGE PL 2ND FL
SALT LAKE CITY, UT 84111
EMAIL

Todd C. Emerson, Esq.
SKYWEST AIRLINES
444 S RIVER RD
ST GEORGE, UT 84790
EMAIL

Scott M. Petersen, Esq.
FABIAN & CLENDENIN
215 S STATE STE 1200
PO BOX 510210
SALT LAKE CITY, UT 84151
EMAIL