IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ANDREW DAVID CALLAWAY, <br><br> Plaintiff, <br><br><br><br> vs. <br><br><br><br> SKYWEST AIRLINES INC., a Utah Corporation <br><br> Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING MAGISTRATE'S ORDER <br><br><br><br><br><br> Case No. 2:04-CV-179 TS |

Before the Court is Defendant's Objections to Magistrate Order Granting Only Limited Discovery from Polar Air. Having considered the written materials submitted to the Court and being otherwise fully informed, the Court will now rule on Defendant's Motion.

I.  FACTUAL BACKGROUND

This case arises from Defendant SkyWest's firing of Plaintiff Callaway. Plaintiff began working for Defendant as a pilot in 1999 and was terminated in October 2003. Plaintiff alleges that he was fired as a result of his various activities concerning his attempts to organize a union. Plaintiff brought this action against Defendant claiming: (1) violation of the Railway Labor Act; (2) violation of the Wire and Electronic Communication Interception of Oral Communications

1

Act; (3) termination in violation of public policy; and (4) breach of implied contract.  Plaintiff is seeking, along with other damages, front and back pay.  Defendant, as one of its affirmative defenses, alleges that Plaintiff is not entitled to such pay because Plaintiff has failed to properly mitigate his damages.  Defendant had sought information from Polar Air in effort to substantiate this defense.  It is here that the discovery dispute at hand arises.

## II.  PROCEDURAL BACKGROUND

On February 11, 2005, Chief Magistrate Judge Alba granted Plaintiff's Motion for Protective Order ("Order No. 1") [Docket No. 35].  Order No. 1 stated that Defendant could not seek any information from Polar Air or any entity identified by Plaintiff as a potential employer by way of subpoena or other method allowed under the Federal Rules of Civil Procedure.  Order No. 1 also stated that the Defendant could file a Motion to Compel seeking information covered by the Protective Order after re-deposing Plaintiff and Tiffany Cotter, and after Plaintiff provided Defendant with certain voice mail recordings.

Defendants filed a Motion to Vacate the Protective Order which Judge Alba granted in part on May 25, 2005 ("Order No. 2") [Docket No. 45].  Order No. 2 stated that Defendant "may serve on Polar Air, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, a subpoena for deposition upon written questions to obtain valid responses to (a) why Polar Air has not provided Mr. Callaway any subsequent pilot training and (b) why Polar Air has not hired Mr. Callaway for the position of pilot for which he applied at Polar Air."  Order No. 2 also stated that Defendant was to provide Plaintiff with its proposed questions prior to serving them on Polar Air in order to allow time for Plaintiff to object.

Defendant filed a motion objecting to the Judge Alba's orders claiming that the information it is seeking is necessary for it to substantiate its affirmative defense that Plaintiff has failed to mitigate his damages. Plaintiff responds by arguing that the Judge Alba's rulings were appropriate because of the harm that may be caused to Plaintiff if potential employers discover he is involved in litigation with Defendant.

### III.  STANDARD OF REVIEW

For non-dispositive pretrial matters, this court reviews the Magistrate Judge's Orders under a "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A). Under the clearly erroneous standard, this court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *U.S. v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Courts recognize that wide discretion is given the magistrate judge in discovery rulings. *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999).

### IV.  DISCUSSION

Defendant has a high burden to meet in order for the Court to reverse a magistrate's order concerning discovery issues. The Court will only do so if that order is clearly erroneous or contrary to law. Defendant has failed to meet this burden.

Judge Alba's orders do limit the information Defendant may seek and Defendant does have an interest in obtaining this information to further its defense. However, Plaintiff has an interest in limiting Defendant's contact with potential employers. Such contact may turn

potential employers against Plaintiff thereby preventing him from obtaining employment and mitigating his damages. Although neither Defendant nor Plaintiff may be completely satisfied with Judge Alba's orders, this is not sufficient to warrant the reversal of these orders.

Upon review, the Court finds that Judge Alba's orders are not clearly erroneous or contrary to law. Judge Alba's orders strike a sound balance between the parties' competing interests.

If, after complying with Judge Alba's orders, Defendant is still unable to obtain the information necessary to establish their defense, they may approach Judge Alba with a Motion to Compel in accordance with Order No. 1. At that time, Judge Alba may decide how to proceed with discovery on these matters.

## V.  CONCLUSION

Based on the forgoing, the Court, therefore, ORDERS the following:

The Court DENIES Defendant's Motion Objecting to Magistrate Order Granting only Limited Discovery from Polar Air.

The Court AFFIRMS Judge Alba's rulings on these matter.

DATED   August 30, 2005.

BY THE COURT:

_____
TED STEWART
United States District Court Judge