Todd C. Emerson, A8175
SkyWest Airlines, Inc.
444 S. River Road
St. George, UT 84790
Telephone: (435) 634-3530

Scott M. Petersen, A7599
David N. Kelley, A9137
FABIAN & CLENDENIN,
A Professional Corporation
215 South State Street, 12th Floor
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ANDREW DAVID CALLAWAY<br><br>Plaintiff,<br><br>vs.<br><br>SKYWEST AIRLINES INC., a Utah Corporation,<br><br>Defendant. | **MEMORANDUM SUPPORTING SKYWEST'S MOTION TO STRIKE**<br><br>Civil No. 2:04CV00179<br><br>Judge Ted Stewart |

Defendant SkyWest Airlines, Inc. files the following memorandum supporting its Motion to Strike.

**INTRODUCTION**

Except for the first three paragraphs, the Affidavit of David Andrew Callaway (the "Affidavit", attached hereto as Exhibit "A") should be stricken in its entirety. The Affidavit is

replete with hearsay, speculation, conclusory statements and testimony that is not based on personal knowledge. It is also largely irrelevant, as paragraphs 3, 5, 9, 10, 11, 12 and 13 are not cited at any point in Callaway's Memorandum in Opposition to Summary Judgment.

Further, the Affidavit attempts to establish the contents of an alleged writing that is the keystone to Mr. Callaway's opposition to summary judgment without actually producing the document. Although he authored the document, he has failed to produce it or show why it cannot be produced. As a result, Mr. Callaway's testimony is barred by Fed R. Evid. 802 and 1002. SkyWest asks the Court to strike paragraphs 4-13 of Callaway's Affidavit, as well as Mr. Callaway's references to the contents of his SAPA website postings located on pages 51, 52, 54, 55, 56, and 146 of his deposition (relevant portions of Callaway's deposition are attached hereto as Exhibit "B").

## ARGUMENT

### I. MR. CALLAWAY'S TESTIMONY ABOUT THE CONTENTS OF HIS 2000 WEB POSTING VIOLATES FEDERAL RULE OF EVIDENCE 1002.

In paragraph 4 of the Affidavit, Mr. Callaway sets forth, in remarkable detail, the contents of a web posting. He provides figures, statistics, percentages, salary data, industry comparisons and describes charts, drawings, stickers and even cartoons. He cites this testimony at pp. xii-xiii and 5 of his memo in opposition to prove that this was the content of the web posting he was disciplined for in 2000. He does not, however, actually produce this critical writing. Federal Rule of Evidence 1002 requires that proponents of critical writings produce the writing itself. Testimony about the contents of the writing is not permitted. "To prove the content of a writing, recording or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress." Fed R. Evid.1002

(emphasis added). He would be allowed to produce a duplicate of the writing under Rule 1001, but has failed to produce any copy of the postings.

Mr. Callaway is the creator, publisher and owner of these alleged postings. The original is entirely within his control. Indeed, he has produced several copies of other selected private web postings after 2000, but he has failed to produce a copy of this critical writing, which is Callaway's only alleged evidence that SkyWest had notice of his alleged union organizing activities. *Burrell v. Hampshire County,* 307 F.3d 1, 6 n.4 (1st Cir. 2002) ("[Plaintiff] claims to have notified [defendant] of problems with Allen in a letter which is not before this court. While we make all inferences in [plaintiff's] favor, [plaintiff's] testimony as to the letter would be prohibited under the best evidence rule.").

Mr. Callaway cites none of the exceptions in Rule 1004 to explain why his recollections and verbal testimony should be substituted in place of the writing itself. He has not claimed that the document was lost, destroyed, is in SkyWest's exclusive control or is otherwise unavailable. If he lost or destroyed his original writing, he could have, at minimum, issued subpoenas to Bob Novak and the private SAPA website to obtain copies. He could have subpoenaed copies of his posting from any of the hundreds of pilots who had access to it. Instead, he has only offered his own, self-serving testimony about the contents of this critical writing.

SkyWest is highly prejudiced in this situation. During the discovery period SkyWest requested "Copies of any and all submissions you made to the SAPA website as set forth in Paragraph 19 of the Complaint" (*See* Request No. 7 of Defendant's First Set of Written Discovery Requests, attached hereto as Exhibit "C") but did not receive any postings from 2000. Instead, SkyWest received selected postings from 2001 through 2003. SkyWest has had no

opportunity to examine this alleged posting or cross examine Mr. Callaway on its contents. Now, in the Affidavit, Mr. Callaway describes the precise details of the posting as if they were sitting before him. Under the doctrine of spoliation, SkyWest would be entitled to the presumption that this writing, if produced, would actually be detrimental to Callaway's case if he has acted in bad faith. *See Procter & Gamble Co. v. Haugen*, 179 F.R.D. 622, 631 (D. Utah 1998).

Mr. Callaway also made statements about the allegedly pro-union contents of his SAPA internet postings during his deposition. Pages 51, 52, 54, 55, 56, and 146, of Mr. Callaway's deposition contains inadmissible testimony about the contents of his postings. Accordingly, these statements must be stricken.

Federal Rule of Evidence 1002 exists to ensure the integrity of documentary evidence and to protect defendants from being faced with irrefutable testimony about phantom documents that have not been produced. *Allen v. W.H.O. Alfalfa Milling Co.*, 272 F.2d 98, 99 (10th Cir. 1959) ("[T]he traditional best evidence rule proclaims that the writing is the best evidence of its contents, and the testimony thereof is inadmissible if the writing is available."). Paragraph 4 violates the best evidence rule and FRE 1002. It unfairly prejudices SkyWest and should be stricken.

## II. THE REMAINDER OF MR. CALLAWAY'S AFFIDAVIT IS SPECULATIVE, LACKING FOUNDATION AND CONTAINING INADMISSIBLE HEARSAY.

Paragraph 5 begins a run of irrelevant testimony that continues to the end of the Affidavit. In fact, paragraphs 3, 5 and 9-13 are not cited for any purpose in Callaway's Memo in Opposition to Summary Judgment. Beyond serving no discernable purpose, each remaining paragraph contains evidentiary defects that prevent admission as fact. Rule 56(e), Fed. R. Civ.

P., requires in part as follows: "[O]pposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." "An affidavit that does not measure up to the standards of 56(e) is subject to a motion to strike . . . ." *Noblett v. General Electric Credit Corp.*, 400 F.2d 442, 445 (10th Cir. 1968), *cert denied* 393 U.S. 935 (1968). Rule 56(e) requires personalized affidavits to successfully oppose motion for summary judgment. Generalized, conclusory, and unsubstantiated affidavits filed in opposition to a motion for summary judgment are insufficient to create genuine factual dispute. *Citizens Environmental Council v Volpe*, 484 F.2d 870 (10th Cir. 1973), *cert denied* 416 US 936 (1974).

Furthermore, hearsay testimony and testimony lacking the appropriate foundation are inappropriate for purposes of supporting a motion for summary judgment and are subject to a motion to strike. *See Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541-42 (10th Cir. 1995); *Tavery v. United States*, 32 F.3d 1423, 1427 n.4 (10th Cir. 1994); Rule 602 Utah R. Evid. ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

In circumstances similar to this case, the Tenth Circuit held that an affidavit was inadmissible and insufficient to defeat summary judgment stating "generalized references to what happened to other[s] … is inadmissible hearsay, insufficient to defeat summary judgment." *Cortese v. Black*, 1996 WL 346618, *3 (10th Cir. 1996) (*unpublished opinion* attached hereto as Exhibit "D"). In *Cortese*, the plaintiffs made a claim of selective prosecution against a sheriff's department for closing down plaintiffs' business. The department moved for summary judgment, and in an attempt to defeat that motion, *Cortese* submitted his own affidavit stating

that he knew of other establishments that were not treated as harshly as plaintiffs' in allegedly similar situations. *Id*. The Tenth Circuit refused to consider the affidavit stating that it was inadmissible hearsay, and that "generalized, unsubstantiated, non-personal affidavits are insufficient to successfully oppose a motion for summary judgment." *Id.* (citing *Thomas v. International Business Mach.*, 48 F.3d 478, 485 (10th Cir. 1995). Similarly, as demonstrated here, Mr. Callaway has submitted an affidavit containing generalized and unsubstantiated statements which are not based on personal knowledge and should be stricken.

In paragraph 5, Callaway states that he "learned which of those pilots were having problems as a result of their involvement in the organizing campaign." This statement is broad, conclusory, contains hearsay and lacks foundation. Callaway fails to identify these general "pilots" or state with particularity what "problems" they faced as a result of their involvement in the organizing campaign. Rather than obtain the testimony of those pilots who allegedly had problems, Callaway simply bypasses this step and offers hearsay without any foundation. As his statement is conclusory, and not based on personal knowledge, the statement should be stricken as inadmissible hearsay.

In paragraph 6, Mr. Callaway states, "[Steve Kanuch] also was very involved in the organizing campaigns and would regularly make posts on the SAPA website that I read. Like my posts, Kanuch's comments were also very pro-union." Mr. Kanuch's comments are hearsay. This is also another attempt to prove the contents of a writing without actually producing the writing. For the reasons set forth above, this must be stricken.

In paragraph 7 of the Affidavit, Mr. Callaway states that "Steve Kanuch called me and told me that he too had been told to report to St. George to meet with Jim Breeze. It had been

made clear to him that he would be questioned about his pro-union postings and therefore he and I discussed what had happened at my 'meeting' and how he could best handle his meeting." What Mr. Kanuch told Mr. Callaway constitutes inadmissible hearsay and should be stricken.

In paragraph 8 of the Affidavit, Mr. Callaway states, "After he returned from St. George in late 2000, I spoke again with Steve and we discussed what he went through. It was apparent that he had gone through much the same haranguing and threats that I had experienced." This statement is general, conclusory, lacks foundation and contains hearsay. It fails to provide details of the "haranguing" and "threats" that Mr. Callaway allegedly experienced. It relies on the hearsay statements of Steve Kanuch, who has not testified or supplied a sworn affidavit. Callaway also speculates that Kanuch was demoted due to this incident, without foundation.

It should be noted that Callaway had a complete copy of Kanuch's original employment file and later obtained access to <u>the original files of every pilot employed by SkyWest in the past five years – over 3000 separate personnel files</u>. These files were inspected and cataloged by his attorneys at SkyWest headquarters. Even so, Callaway fails to submit any documentary evidence of this alleged demotion. Paragraph 8 should be stricken.

In paragraph 9, Mr. Callaway describes another incident where another pilot, Ben Palmer, was allegedly disciplined. As before, he fails to lay any foundation for his statements. He testifies about a hearsay conversation between Ben Palmer and Jim Breeze and makes general, unsubstantiated, statements. Despite having unfettered access to the Palmer file, he failed to attach any documentary support or foundation for his statements. Mr. Callaway cannot rely on the Affidavit without first establishing a foundation of personal knowledge for his statements.

Mr. Callaway next tells the tale of pilot John Manardi in paragraphs 10 – 11. As before, he has failed to obtain the testimony of Mr. Manardi or cite any document in the Manardi file in support of this story. Mr. Callaway never inserts himself as a witness to these events but makes general, speculative and conclusory statements with no basis for personal knowledge. He also offers hearsay statements from Minardi. There paragraphs should be stricken.

Paragraph 12 should also be stricken as it lacks foundation. Mr. Callaway states that he knows "that Phil Alford, another RJ Canadair Captain, lost his check airman status because he stood up for John Manardi by writing to Kelvin Hyatt, asking that the company not fire John." Mr. Callaway is speculating. He does not state how he knows these facts and he has not produced any testimony from Mr. Alford, Mr. Manardi, or Kelvin Hyatt regarding this alleged incident. Mr. Callaway has not testified that he has personal knowledge that Alford wrote a letter, ever saw or read the letter, or of the reason why Phil Alford lost his check airman status. Instead, we are left with Mr. Callaway's opinions and beliefs, which are not admissible.

Paragraph 13 of Mr. Callaway's affidavit is another statement of his opinions and beliefs, devoid of any fact. First, Mr. Callaway states, "I know of other pilots who have been involved in campaigns that have also been harassed and threatened by SkyWest." Mr. Callaway does not say who those pilots are, how he knows that they have been "harassed and threatened by SkyWest," what happened or when it occurred. Mr. Callaway has no direct evidence that any pilots at SkyWest have been "harassed and threatened". These statements are speculative, based on nothing more than Callaway's personal beliefs and have no basis in fact hearsay and should be stricken.

Next, Mr. Callaway's statement that "A typical pattern is that SkyWest will wait until the pro-union pilot has been involved in a relatively minor incident and then blow it out of proportion and threaten the pilot with suspension or termination" lacks any evidentiary basis and is simply an unsupported, self-serving conclusion. Mr. Callaway has provided no basis for this "typical pattern".

Mr. Callaway also states, "Those who have been involved in organizing are also often labeled as having a bad attitude, or trying to tear down the company, or attacking management." Once again, this statement lacks any foundation. Mr. Callaway fails to identify who has been labeled for their organizing efforts, and who has created such a label. Mr. Callaway has failed to establish how he personally knows that the organizers are labeled and whether these organizers are the only ones given these labels, or whether they are given the label more often than those who are not union organizers. These statements are an attempt to offer Mr. Callaway's personal beliefs for as a reliable statistical comparison. Accordingly, this statement from paragraph 13 of Mr. Callaway's affidavit should be stricken.

Finally, Mr. Callaway states that "in most instances those pilots are simply expressing their opinions as to why a union would be beneficial." This statement too lacks any foundation. Mr. Callaway cannot testify as to another's state of mind. He does not know that pilots are simply expressing their opinions. Mr. Callaway fails to establish how he knows what is happening "in most instances". Rather, paragraph 13 is simply another attack on SkyWest without foundation and should therefore be stricken.

## CONCLUSION

For the foregoing reasons, the Court should grant SkyWest's Motion, and strike paragraphs 4-13 of the Affidavit, as well as pages 51, 52, 54-56, and 146 of Mr. Callaway's deposition.

DATED this 1st day of March, 2006.

/s/ David N. Kelley
Scott M. Petersen
David N. Kelley
FABIAN & CLENDENIN,
a Professional Corporation
Attorneys for Defendant SkyWest Airlines

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **MEMORANDUM SUPPORTING SKYWEST'S MOTION TO STRIKE** to be mailed, postage prepaid, this 1st day of March, 2006, to the following:

Erik Strindberg, Esq.
Lauren I. Scholnick, Esq.
Ralph Chamness, Esq.
STRINDBERG SCHOLNICK & CHAMNESS, LLC
426 North 300 West
Salt Lake City, UT 84103

/s/ David N. Kelley