FILED
U.S. DISTRICT COURT
2006 MAR 20 P 3:44
DISTRICT OF UTAH
BY:
DEPUTY CLERK

Erik Strindberg (Bar No. 4154)
Ralph E. Chamness (Bar No. 6511)
**STRINDBERG SCHOLNICK & CHAMNESS, LLC**
426 North 300 West
Salt Lake City, UT 84103
Telephone: (801) 359-4169
Attorneys for Plaintiff

---

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **DAVID ANDREW CALLAWAY**<br><br>Plaintiff,<br><br>vs.<br><br>**SKYWEST AIRLINES, INC.,**<br><br>Defendant. | **MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE**<br><br>Case No. 2:04CV00179<br><br>Judge Ted Stewart<br>Magistrate Judge Alba |

Plaintiff David Andrew Callaway ("Callaway"), by and through his undersigned counsel, hereby submits the following Memorandum in Opposition to the Motion to Strike filed by Defendant SkyWest Airlines, Inc. ("SkyWest"). As outlined below, SkyWest's motion should be denied in its entirety. The evidence in the Affidavit of David Andrew Callaway ("Affidavit") is admissible evidence properly before the Court pursuant to the Federal Rules of Evidence. Accordingly, the Court should deny

SkyWest's motion and consider that evidence prior to ruling on SkyWest's pending Motion for Summary Judgment.

## INTRODUCTION

As outlined in the parties' prior pleadings, Callaway is a pilot who began working for SkyWest in 1999 and was terminated in October 2003 due to his union organizing activities on behalf of the Air Line Pilots Association. As part of his union organizing activities, Callaway frequently posted information on a pilots' website. The Affidavit merely details Callaway's union activities, the activities of other SkyWest pilots and SkyWest's pattern of adverse reactions to those activities which included disciplining pilots who engaged in union organizing activities. All of Callaway's assertions concerning these activities are based upon his personal knowledge. Finally, Callaway's testimony concerning the nature of his email postings is proper and was the subject of repeated questioning by SkyWest during Callaway's deposition. The mere fact that SkyWest does not like the responses it received to its questions is insufficient to cause the Court to refuse to consider that testimony.

## ARGUMENT

### I. CALLAWAY HAS PROVIDED COPIES OF THE DOCUMENTS REFERRED TO IN HIS AFFIDAVIT.

SkyWest makes much of the fact that Callaway failed to attach copies of certain documents to his affidavit. Specifically, SkyWest claims that Callaway's failure to attach

copies of certain postings means that the Court should strike paragraph 4 of the Affidavit. However, attached hereto as Exhibit "A" are copies of the documents referred to in that paragraph. Accordingly, there is no basis to strike paragraph 4 of the Affidavit or the responses provided by Callaway to SkyWest's questioning during his deposition.[1]

## II. CALLAWAY'S TESTIMONY IS BASED ON PERSONAL KNOWLEDGE.

SkyWest claims that the remainder of the Affidavit is irrelevant or contains an "evidentiary defect" which renders the Affidavit inadmissible. However, it ignores the very subject of its motion for summary judgment. The contents of the Affidavit demonstrate that there are, at a minimum, questions of fact related to SkyWest's knowledge of Callaway's union organizing activities and to its repeated demonstration of an anti-union animus. The Affidavit is based upon Callaway's personal knowledge of the facts related to his and other pilots' union organizing activities and SkyWest's consistent and repeated response to those activities. As outlined below, Federal Rule of Evidence 406 allows the Court to consider the evidence supporting SkyWest's "routine practice" of handling union organizing pilots.

---

[1]Further, as outlined in Callaway's Memorandum in Opposition to Motion for Summary Judgment, it is undisputed that SkyWest knew about Callaway's pro-union postings, called him to St. George for a meeting and then chastised him for the pro-union postings. *See* Paragraphs 10, 12-14, and 16. To now claim that it does not have a copy of the very postings about which it chastised Callaway is not believable.

Callaway has no dispute with the Rules of Evidence or the case law interpreting those Rules. However, it is clear that SkyWest has misapplied the Rules to the statements made in the Affidavit. For example, SkyWest claims that paragraph 5 of the Affidavit should be stricken because it is "conclusory, and not based on personal knowledge." Paragraph 5 states:

> Through my involvement in the organizing campaigns I knew what other pilots were active in the campaigns and I also could observe the postings made on the SAPA website by others. I also learned which of those pilots were having problems as a result of their involvement in the organizing campaigns.

Callaway then provides the names of Steve Kanuch, paragraph 6, Ben Palmer, paragraph 9, John Manardi, paragraph 10, and Phil Alford, paragraph 12, who were SkyWest pilots active in union organizing. Clearly, listing these names based on his "personal knowledge" provides sufficient foundation for the statement concerning "other pilots were active in the campaigns."

Further, the Affidavit outlines Callaway's personal knowledge of the treatment that each pilot received from SkyWest after SkyWest became aware of each individual's union organizing activities. The Affidavit, based on Callaway's personal knowledge, establishes how that treatment was consistent with SkyWest's treatment of Callaway after it became aware of his union organizing activities. Rule 406 allows this type of evidence to be received: "Evidence of the . . . routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove

that the conduct of the . . organization on a particular occasion was in conformance with the . . . routine practice." F.R.E. 406. The Tenth Circuit Court of Appeals affirmed the admission of similar evidence in a Section 1983 case involving several instances related to an individual's response to police officers. *Perrin v. Anderson*, 784 F.2d 1040, 1045 (10th Cir. 1986). Here, Callaway has provided evidence of SkyWest's treatment of four other pilots demonstrating that it is SkyWest's "routine practice," once it learns of a pilot's union organizing activity, to chastise the pilot and then to create a reason to discipline the pilot. Callaway's personal knowledge of the pilots subjected to SkyWest's routine practice is admissible to demonstrate that SkyWest engaged in that same practice with him.

Similarly, paragraph 6 details Callaway's knowledge of the nature of Steve Kanuch's postings. Again, Callaway has provided the proper foundation to demonstrate that he was aware of Mr. Kanuch's union activities, his regular postings and the nature of the posts. Callaway is not proffering the contents of Mr. Kanuch's postings, but is simply comparing Mr. Kanuch's postings to his own. His personal knowledge of the nature of his own postings is sufficient to testify concerning the similarity to Mr. Kanuch's postings.

SkyWest further objects to paragraphs 7-8 claiming that the contents are inadmissible hearsay. Paragraphs 7 and 8 state:

> 7. Sometime after I was called to St. George in late 2000, where I was threatened by Brad Holt and Jim Breeze for my postings, Steve Kanuch called me and told me that he too had been told to report to St. George to meet with Jim Breeze. It had been made clear to him that he would be questioned about his pro-union postings and therefore he and I discussed what had happened at my "meeting" and how he could best handle his meeting.
>
> 8. After he returned from St. George, I spoke again with Steve and we discussed what he had gone through. It was apparent that he had gone through much the same haranguing and threats that I had experienced. Shortly thereafter, Steve lost his check airman status, which earned him about $15.00 per hour in additional wages.

The first portion of paragraph 7, stating "Sometime after I was called to St. George in late 2000, where I was threatened by Brad Holt and Jim Breeze for my postings" is admissible because it is based upon Callaway's personal knowledge.

The remainder of paragraph 7 and the entirety of paragraph 8 is admissible pursuant to Rule 406. Evidence of SkyWest's routine practice of calling pro-union pilots to St. George, questioning the pilot about pro-union postings, and then disciplining them for those postings is evidence of SkyWest's method of handling pro-union pilots.

Similarly, paragraph 9 is based upon Callaway's personal knowledge. The statement, "I also know about some of the problems that Ben Palmer, another SkyWest pilot, went through" is not hearsay and lays the foundation for how SkyWest treated Mr. Palmer when "he was initially fired by the company and then rehired after he filed an appeal to get his job back." This testimony is not hearsay and should be admitted.

Paragraph 10 is admissible because it is based upon Callaway's personal knowledge and contains the statement of Brad Holt which is admissible pursuant to Rule 801(d)(2). Paragraph 10 states:

> Another pilot, John Menardi, got into trouble for refusing to fly a Comair plane into a Comair station, Des Moines, Iowa. The Comair pilots were on strike and for some reason SkyWest ended up with some of their planes and began to fly into Des Moines from Salt Lake City. A number of us were concerned about making such flights unless the ALPA union representing the Comair pilots said it was okay. Brad Holt told the pilots that if they did not want to fly into a Comair station they could simply put their name on a list and would not be required to make the flight.

There is nothing in this paragraph which is hearsay. The first three sentences are based upon Callaway's personal knowledge. The final sentence contains a statement by Brad Holt, SkyWest's Vice-President of Flight Operations. *See* SkyWest's Memorandum in Support of Motion for Summary Judgment, paragraph 12. As a statement by SkyWest's Vice-President of Flight Operations, the statement is admissible because it was made by "a person authorized by the party to make a statement concerning the subject." F.R.E. 801(d)(2)(C). There simply is no basis to strike paragraph 10.

Similarly, the Court should reject SkyWest's arguments concerning the admissibility of paragraph 11. With the possible exception of the statement "John asked that he not be required to take the flight," paragraph 11 is admissible. As demonstrated in paragraphs 1 and 10, Callaway is testifying about matters he knows based upon his personal experience. SkyWest is free to question Callaway about the Affidavit during

trial and question the weight to given to his testimony; however, the fact that SkyWest may question the weight to be given to certain testimony does not mean the testimony is inadmissible.

Paragraph 12 is likewise admissible. Callaway can clearly testify that another pilot "lost his check airman status" and that the pilot "was also very involved in the numerous organizing campaigns that have taken place" based solely upon his personal knowledge. There simply is no further foundation needed for these statements. The remainder of paragraph 12 is admissible under Rule 406. Finally, paragraph 13 simply summarizes Callaway's observation of the pattern of treatment specifically detailed in the prior paragraphs. As outlined above, SkyWest's pattern of treatment makes this evidence admissible to show that it treated Callaway in the same way it treated other pro-union pilots.

## CONCLUSION

Because the contents of the Affidavit contain admissible evidence, the Court should deny SkyWest's motion and consider the evidence in ruling on SkyWest's motion for summary judgment.

Dated this 20th day of March, 2006

**STRINDBERG SCHOLNICK & CHAMNESS, LLC**

RALPH E. CHAMNESS
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing **MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE** was mailed, first class postage prepaid this 20th day of March, 2006 to:

Scott M. Petersen
David N. Kelley
FABIAN & CLENDENIN
215 South State Street, 12th Floor
Salt Lake City, Utah 84111
Facsimile: 596-2814

Todd C. Emerson
SKYWEST AIRLINES,
444 South River Road
St. George, Utah 84790

U:\Current Client\Callaway_DA\Pleadings Federal\Strike_Opp.wpd

# Exhibit "A"

## Comparing Average Salaries* 1995-2000

### Top 3 Management vs. Inflation and the SkyWest Pilots

Source: SEC Filings 1995 & 2000, DOT Form 41, and Dept. Labor Statistics




Management
Pay & Bonuses
Pilot Pay
Proposal

