IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ANDREW DAVID CALLAWAY,<br><br>　　　Plaintiff,<br><br><br><br><br><br>　　　　　vs.<br><br><br>SKYWEST AIRLINES, INC.,<br><br>　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AND DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME<br><br><br><br><br>Case No. 2:04-CV-179 TS |

　　　Before the Court are Plaintiff's Motion to Strike Bill of Costs and Defendant's Rule 6(b) Motion to Extend Time for Filing Bill of Costs.  For the reasons discussed below, the Court will grant Plaintiff's Motion to Strike, will deny Defendant's Motion for Extension of Time, and will strike Defendant's Bill of Costs.

## I.  BACKGROUND

　　　On March 29, 2006, the Court entered its Memorandum Decision and Order Granting Defendant's Motion for Summary Judgment.[1]  Judgment was entered on March 30, 2006.[2]  On

---

[1]Docket No. 101.

[2]Docket No. 102.

May 5, 2006, Defendant filed with the Court its Bill of Costs.[3]  Plaintiff moved to strike Defendant's Bill of Costs as untimely on May 10, 2006[4] and Defendant sought an extension of time for filing its Bill of Costs on May 12, 2006.[5]

## II.  DISCUSSION

DUCivR 54-2(a) requires that a bill of costs be filed within 20 days after the entry of final judgment.  As noted above, final judgment was entered in this case on March 30, 2006.[6]  Thus, Defendant SkyWest had until April 19, 2006, to timely file their Bill of Costs.  Defendant failed to do so, however, and waited until May 5, 2006, to file its Bill of Costs—16 days late. Defendant then waited an additional 7 days before it filed its Motion for Extension of Time and did so only after Plaintiff filed his Motion to Strike and his Notice of Appeal.

Plaintiff, in his Motion to Strike, argues that the Bill of Costs should be stricken because it was not filed in a timely manner.  Defendant, in its Motion for Extension of Time, argues that the Bill of Costs should not be stricken and that the Court should extend the time for filing its Bill of Costs pursuant to Fed.R.Civ.P. 6(b).

Fed.R.Civ.P. 6(b)(2) provides "the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ."  Defendant makes various arguments

---

[3]Docket No. 106.

[4]Docket No. 107.

[5]Docket No. 109.

[6]Docket No. 102.

in support of its Motion, including: (1) the time frame provided in DUCivR 54-2(a) is administrative, not substantive; and (2) that its request for a 16-day extension is appropriate.

Defendant's first argument can be dismissed out of hand. DUCivR 54-2(a) clearly states: "Within twenty (20) days after the entry of final judgment, the party entitled to recover costs *must* file a bill of costs . . . ."[7] Defendant's argument that the time limitation in the rule is administrative, not substantive is in direct conflict with the plain language of the rule. Defendant's purported reading of the rule would have the result of completely removing the time limitation from the rule. The Court refuses to read the rule in this way. The language of DUCivR 54-2(a) is mandatory, not permissive.

Defendant also argues that the extension is appropriate based on excusable neglect. Defendant argues that its Bill of Costs was filed only 16 days late and that it had granted Plaintiff numerous extensions during the course of litigation. SkyWest, however, concedes that its outside counsel was "somewhat careless in underestimating the time and effort needed to gather the information necessary for preparing and filing SkyWest's Bill of Costs."[8] SkyWest also attributes its delay to outside counsel's accounting department moving offices.

Under Rule 6(b), the Court has the discretion to permit late filings if a defendant can show that the delay was caused by "excusable neglect."[9] Excusable neglect is "a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the

---

[7]DUCivR 54-2(a) (emphasis added).

[8]Docket No. 10, at 5.

[9]Fed.R.Civ.P. 6(b). *See also Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1494 (10th Cir. 1995) (stating that "district court has discretion to permit the late filing of defendants' answer if defendants could show that the delay was caused by 'excusable neglect.'")

3

control of the movant."[10]  Whether excusable neglect exists is a determination that is an equitable

one, taking into account all of the relevant circumstances.[11]  Specifically, the court should

consider: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its

impact on judicial proceedings; (3) the reason for the delay, including whether it was in the

control of the late-filer; and (4) whether the late-filer acted in good faith.[12]

Considering these factors, the Court finds that Defendant has failed to show excusable

neglect.  First, there is a danger of prejudice to Plaintiff.  As will be discussed in more detail

below, Plaintiff has been prejudiced by Defendant's failure to file its Bill of Costs in a timely

manner.  Plaintiff has been forced to expend additional time and resources in resolving this issue.

Second, considering the circumstances, Defendant's delay is lengthy and has impacted

judicial proceedings.  Although Defendant's Bill of Costs was filed only 16 days late, permitting

the late filing would have the effect of nearly doubling the time allotted by DUCivR 54-2(a).

Instead of 20 days, Defendant would have 36 days in which to file its Bill of Costs.

Additionally, the Court wishes to express its displeasure with how Defendant has approached

this issue.  Rather than seeking additional time before the time to file its Bill of Cost expired,

Defendant waited and filed its Bill of Costs 16 days late.  Additionally, Defendant did not seek

leave of the Court to file its Bill of Costs late.  Instead, Defendant waited an additional seven

days to files its Motion for Extension of time and only did so after Plaintiff filed a Motion to

---

[10]*Pioneer Inv. Servs. Co. v. Brusnwick Assocs. Ltd. P'ship, Inc.*, 507 U.S. 390, 392 (1993) (footnote omitted).

[11]*Id.* at 395.

[12]*Id.*

4

Strike and filed his Notice of Appeal.  As a result of Defendant's actions, both parties and the Court have had to expend additional time and resources to resolve this issue.

Third, Defendant has conceded that the reason for the delay was its own carelessness. Defendant states that its outside counsel underestimated the time it would take to prepare the Bill of Costs.  The Court finds that the reason for the delay rests squarely on Defendant and was well within the control of Defendant and its outside counsel.

Finally, Plaintiff asserts that Defendant has acted in bad faith in waiting to file its Bill of Costs until after he had filed his Notice of Appeal.  While the Court does not find that Defendant acted in bad faith, the Court reiterates its disappointment in how Defendant approached this matter.

For these reasons, the Court will grant Plaintiff's Motion to Strike and will deny Defendant's Motion for Extension of time.  The Court will strike Defendant's Bill of Costs because of Defendant's failure to comply with DUCivR 54-2(a).  Any decision to the contrary would effectively negate the requirements contained in that rule.

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Strike Bill of Costs (Docket No. 107) is GRANTED.  It is further

ORDERED that Defendant's Bill of Costs (Docket No. 106) is STRICKEN.  It is further

ORDERED that Defendant's Rule 6(b) Motion to Extend Time for Filing Bill of Costs (Docket No. 109) is DENIED.

DATED   June 14, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge